*215. • ' ’
éj g »
S' *OS 5->¶] o-‘s -3- '? 'o eL §£? .3??' _0;NT> O' O' ■ P> m , ® Cfi ^ A, 3*S 2L ^ S ® §' »•» i a^1 O O ^ £•«»-§ Í 3 1 s.££ No ° 3 »a = if ^¡1^.5™ 3 ST 5‘# 2 SfiSSralsr-.iHa. p n B j? P* *E ^OQ ?r o /-+. »-5 Cu"- co w _„, mmmms&Zte * CJ O ' 2 rn2Si? R o-di^o ¿ o cl-S ’S3 >§ 9 ^cr - - o O, ^ CD I 2 o <w ^ o- g; -*., £ ^ ¿ x-o ¡3. rfj O' g-^K «¿'•acre! r-.-s dfg. g H.N' |? !T Ct> c/j.rj O,-*-- ¿*&emdash;■ pa o r p a»1". o pa o' S:£- EL'ri. «Í , • ~'EU CD rv. x. CD \ Q cnJ%J . 5 ® á Off-feB. ® í W C3 2-W'OrC if 3 CD £4 ®g^cd£>o a-.^Ssst ®; w - “ S?^? 3. 5 p B: S' C3- ^ w fed.* ® 05 K-3*"^ Wo-i d-í^íw. P Í--., C® c-i- 1 ¿?3 5- , p 'P 3“ P &■• ^3 £ 3- K- m £ 70 r-i- ® O ¿tf®'® 2 < ^ & “>' 3 ga »■'» tt> ro 03 <t> g o * B -. f+ . s D w 3 r= =• a*8 g 2 §- Í5-i?g 3 ? ? 2#P ^5 ^ fD ££'. k 3 ^ S1'^ P3 íC . * a- ^ p £,: sr » c- CD “ O «-> •S. a .SIS''-g o a 3a) a -a ■ ^ o o <u «•»-. Q & P cS « r~j O-i CLP '+~l Cu 0> ^ rd , *“J *~S 0-3 V CD o 3 P ST3 O P ira , á* pfe £ 02 < p^o tr O < Ri->a«£> » g » _ &emdash; | V!- 3 ^ 3 - t_.. p^“ o » 2 «. . »gí,í f< B,< rt- CD P p> P O in S. n> *-P 'to ££*§- • . p C'-CTQ |>X5 P ■ g’ s’ s-T-S^a S3»-5 -3-“ g g o. Cía O-. £7* O -¡sf^r CL,MW^-cr g* n g; cr O ci* -it)-’ ri- . Li®i ■hwq. P> O *-V D ’^i -, g *3 ^ - - g?v ^ ¿ ^ ¡ai & gi sr-o-S’^® Ó P p ' g' Ef. ® £-1^ 5 •e 8S S § s. «g S s « 3 o ft» g t-. &emdash;«h -2» o.g-B a. 2. c±^ o £r Cb o S--»T3 CCdEr1 P.^ A " £ P S ?r&£ • ,B g 2.2. ■ rg • cr o c3 3 2S S'-^'5!;g ¡ •d‘ M fg%. ,, p iCj s g .gátc. P i p 5? 3 s gpí*.tí2 ^..1. rJ~J~M *216^ase, among, the numerous counts — , ....a. .... _ fried in the declaration. On the'isSu'e ofnon-assam'g‘sii, theju|ife>.iind a verdict tor Slock’don, whereon a'judgment1 vjal ren-this is
Such reason least1 eq^y availing1 to prove actioff’of count or in equity%ia-action,of sumpsit, as prove .that ‘he ought' to recover mor» entitle?to
A man iwt assign ¿flu of appeals, an 'T11 j¿¡»Sr"(sS tion. ■
ises. After Mif qyipof pfLf,j|fe foregoing TacYáff;lffé counsel foir ‘ClifuT Íhé^ppí®ral,' moved the court ‘to f^iruct the jjdSy, '1st,' thai’-^ter (he purchase made the ;tlifee patters, at the' sheriff's sale,'the purdfr^sers becafÜe entitled*» to the annual rents ¡of the prejelses accru1dfe unde» the lease from Barnes^to Saundefs: 2d, thafjnie plaintiíj' below ought not to' recover more fft this suit, than*he would iih equity and.good conscience bh entUled to, as a tenant in cowipon,'after allowing the ora'fendant so muen as in jus&cétand good con-he yBoiil'dlbe entitled to for the five years whicl^ premis
f if' rnnrf- oítvfiTnA firsr. The court g*tve|Be first, b^t refused the second of these mslruciions. The appellant excepted, and ás-sjwns tfp[ refusal as error.
.We concur with the court below m supposaop as p do^ie in the first instruction, that the lease for t^jmars, ulji-ccordcd, %as not good against the execution forfive Fdr our act of assembly, (1 Litt. 565,)$.in its ^first section, makes every afgtecorded deedufty^a !<#!- g@r ¿¿'Aft (ban five years, inv||p! again!};' any^SjediWr. ® course, as the lease was for a longer term, HIjkis invalid, and we do not suppose that it i$, good 'for part of the term, and bad for the residue, fÉghe gestión is, -Q gu ^ case js (be term no* longer than five years? ,.,I¿ it is, no part oí it is valid against the execution. But weqjMfer from that court in supposing that the j^jirxha-Entitled to tfte annual rents of the premises ífn'&e?. the lease from Barnes to SaunderS, or tlie rent fixed by that lease, formed any criterion of Tept to bp fixed on the premises tefter“'the sale, if we juppose feunders's^yi'lo have held the lease and the j>bifs;ession at the timé! of the sale, institad^of Siodcdon, he would not by the sale have became the'tenanj of the pnirchasiSrs, or been bound to account to them for the rents at thatjprice. His lease, as to them,.^vóuld have ,J>een v.oid, a® he would ha'ys* been bound ,tb surrender the ppssessiofí'." ’Tf id^del^dv^.uf^unot hav$ operated in bis favor, to Sid frumps againshthe purchasers, tgre-tayi the possession, so, on the principles oifreciprocity, he could not*be~J>puad to them by it. Such then was *217' y ¿3 -o,.. a '2 '-&§ -— Pp ■ O _ w — CD cr^ p !3 « ,¶ w ^ *-j ? £'! B~ O' g. « 3 Hi a) ^"^2 c-g^jg ,®'g ^ S-*f3 8 si-fr-o-3 ™.wO S SflRgiO á>a c « gbgi'P’a p C . CD mj cr <f tn D ST >— CD 2 cd ero «- <rt> .o «• w p ‘~W *> 4-i 'S3~co O o ^ ■*ft. ■ •* *r* ‘ cd - & 1^2 -4> . tí* c<^ ft If .. <£. o‘ =®g*jÉr ? s ’’■e. 5', “ 3 3 p Ss O ?¡ Srñ «*> O O fl> O' tST1 P-* O « — **^^eó ^tf'i|tlf|f^gs 5§ u
*■»' P P p P ° 3^3 tr 5K p >*cs P* o 53 3 3 CD ,.P 3 2 p-cn vs v'w'af* > o’^ ^JQ sr r5 *r»TJ $5 ? (Í -I . L¿ Ol w w. 2 J#-5*: 53 g - o S ,-fS.ra) o cr ¡L a ^ -: ¿5 H2 - co cd ’ ¡£4£ 3 D o' CW, -f oSgin ’r" *"' i--2| CD CD / fQ . P !?cra s ft;1^ ? ■ ?3o5s ^ p 3 O — ^ O O tí ^ 2 rf O r c n * i. ft.CK! - ^,.. ~ ” ® r„ g "1 D' ? I *”*■ y-j J5® >-j CD fD c-+• o^S,2g|f3'|^ 3 . "" 5. 2 <^'-c p C 03 o« Kg/Sfi'lg' *218'been the receiver. The subject wak an entire.- one, an<^ cou^ not, and ought nqt to be-thus taken fractionally, and that decision could not be right,¿which permitted it thus to bp done. It may b'e said in reply to this, as is'said'in thé opinion of ithe court below, that the rents had dot beeb- liquidated, which had accrued during th^, time of the appellee, and that they were 'all in bis hands, and due to the appellant and Cojajfay jointly* and, therefore, could not be a g©odget-off against this separate demand as to the appellant!. These objections are clearly valid and sound. But the, admission of their validity, clearly proves, that the appellee ■was in ,$ie same situation as to his whole cause of action, and that he could no more support his cause ofaction, than the appellant could his defence; that although'-he might bellowed .¿¿recover, in an action of accountor bill in equity, yetglé was not entitled to recover i^liis action of assumpsit, in which it is evident he has "recovered for part of a joint subject in contest, without settling the whole. As he then placed hims'elf in this attitude, by improperly cominggpinto court, he could not be. entitled to any opinion from the*court ^rfhich implied that, he hada right to recover, ..excluding iqewhat in conscience lessened the demand, arising from •its own nature and not from the principles goverimig sets-off and discounts, as the refusal to give the instruction asked, evidently did.
The judgment must, therefore, be reversed, and the, verdict be set aside with costs, and the cause must be" remanded for new proceedings, not inconsistent with the principles of this opinion.