[284] ELI MERCER vs. MARY E. HALL, ADM'X OF A. ANDERSON, ET AL. — Appeal from Colorado County.

A charge to the jury, that under the plea of a total failure of consideration the defendant cannot show a partial failure, is erroneous.

Though a charge to the jury may embrace erroneous propositions, it is not sufficient cause for a reversal of the judgment, when the effect of the error is removed by other portions of the charge, and upon the whole, the charge given was not unfavorable to the party seeking the reversal. [*Post*, 297; 5 Tex. 211; 20 Tex. 247; 23 Tex. 452; 28 Tex. 371.]

A verdict will not be set aside for a misdirection of the judge, when it is manifest that the party complaining sustained no injury from the misdirection.

A partial failure of consideration may be shown, and will be available to the defendant, *pro tanto*, under a plea of total failure of consideration.

The appellees sued the appellant upon a promissory note. The defendant in the court below pleaded a failure of con-

sideration, and alleged that the note sued on was given to the intestate, Anderson, as a part of the price of a negro man sold by him to the defendant, and warranted sound, but which proved to be unsound and valueless. The defendants prayed judgment against the plaintiffs for two hundred dollars, a part of the purchase money, which had already been paid.

At the trial, a number of witnesses testified on the part of both plaintiffs and defendant, respecting the condition of the negro, as to soundness, at the time of the sale. The case was submitted to a jury under the charge of the court, who returned a verdict, upon which judgment was rendered for the plaintiff. The defendant moved for a new trial, which being refused, he appealed; and now insists that there is error in the instructions to the jury for which the judgment ought to be reversed.

The charge objected to is, " that the court instructed the jury, that when a total failure of consideration has been pleaded they cannot find a partial failure;" and refused to charge, " that under the plea of a total failure of consideration [285] in this case, the defendant may prove a partial failure of consideration."

At the instance of the defendant, the court farther instructed the jury, that if they " believe the negro unsound at the time of the sale and warranty, the defendant is entitled to recover the price which he has paid."

The court also instructed the jury, " that if the slave truly was unsound at the time of the sale, whether the unsoundness was known or not to Anderson (the plaintiff's intestate), he is bound by his warranty in the bill of sale." Also, " that if they believe from the evidence, that the slave was of no value at the time of the sale, they will find for the defendant;" and also,

" That if they believe from the evidence, that at the time of the sale the slave had the incipient stages of consumption, and died of that disease, in contemplation of law he was valueless;" and " that if the care, attention and nursing of the slave was worth more by one cent than his labor, they should find that he was of no value at the time of the sale."

*Gillespie*, for appellant.

*Harris*, Attorney General, for appellee.

Mr. Justice Wheeler delivered the opinion of the court.

That the charge of the court embraces erroneous proposi-- tions is not, of itself, a sufficient cause for reversing a judgment, where, upon the whole, the charge given was not unfavorable to the party seeking the reversal. 4 Litt. 217; 3 J. J. Marsh. 508; id. 717; 6 Monr. 61; 21 Wend. 354; 23 id. 79; 25 id. 417.

It may be true in the case before us, that the court erred in stating to the jury that the defendant, under the plea of a total failure of consideration, could not have the benefit of showing a partial failure; yet if the effect produced by this [286] part of the charge must necessarily have been removed by other portions of the charge, this error of the court can constitute no ground for reversing the judgment.

The plea in this case was that the negro was unsound; this is alleged as the fact in which the failure of consideration consisted. It was for the jury to decide whether this defense was sustained by the evidence. So far as the evidence conduced to prove that the negro was laboring under any disease whatever at the time of the sale, it was that of consumption of which he died. And although the judge did charge the jury that the defendant could not avail himself of a partial failure of consideration, yet he also charged that if the negro, at the time of the sale, had the incipient stages of that disease and died of it, he was valueless; and in that case they must find for the defendant. That disease was doubtless mentioned in the charge for the reason that no other was pretended.

It is difficult to perceive how a charge more favorable to the defendant under the pleadings and evidence could have been given.

It was equivalent to saying to the jury, that if the negro· when sold had even the incipient stages of disease, there was a·total failure of consideration, the defense was sustained, and they must find for the defendant. Surely if the negro had not even so much as the incipient stages of disease, the plea,

could not be true, and there could not be either the total or partial failure of consideration sought to be established.

But the judge did not stop here. He also instructed the jury, that if they believed the negro unsound at the time of the sale and warranty, the defendant was entitled to recover the price which he had paid.

This was in effect asserting that if the negro was unsound when sold, the plaintiff not only could not recover upon the note sued on, but the defendant could even recover back in that action so much of the price of the negro as he had previously [287] paid, and this, too, without regard to the character or extent of the unsoundness.

Under this charge, if the jury had believed that the unsoundness complained of really existed, they could not have found a verdict for the plaintiff. That verdict is consistent with nothing less than the belief, on their part, that the alleged unsoundness had, in fact, no existence at the time of the sale; and that the defense set up in the answer was either wholly untrue, or unsupported by the evidence.

That part of the charge complained of was little else than a mere abstract proposition, of doubtful application to the case presented in evidence; for there can scarcely be a pretense that the evidence conduced in any degree to establish a partial failure of consideration. There was either a total failure or none at all. If there was any defense which the evidence conduced to establish, it went to the whole, and not to a part of the consideration. This the presiding judge must have felt, and hence the various forms in which he sought to impress upon the jury the proposition that if the negro was unsound at the time of the sale the plaintiff could recover nothing. Although the instruction that the defendant could not avail himself of a partial failure of consideration, under the plea of a total failure, was erroneous, Acts 1846, p. 40, yet the effect of that error was afterwards "wiped away," as it is expressed in a case before cited, 4 Litt. 217.

That instruction was overborne, and its effect removed by the more explicit and pertinent instructions, subsequently given, so entirely favorable to the defendant, and applied so

exactly and literally to the pleadings and evidence in the case. It can therefore afford no cause for reversing the judgment. A verdict will not be set aside for a misdirection of the judge when it is manifest that the party complaining sustained no injury from the misdirection. 23 Wend. 79.

Upon the whole charge we are unable to perceive that the court erred to the prejudice of the defendant.

Though it was otherwise at common law, 7 Monr. 411; [288] 2 Kent, 473, and 2 Stark. Ev. 880, and cases cited; 10 B. and C. 877, yet, under our remedial system, a part failure of consideration might doubtless have been pleaded as well before the act of 1846 upon that subject, p. 40, as since the passage of the statute; and where a total failure is averred to have resulted from certain facts alleged, the defendant may show the existence of those facts; and though it should appear that their consequence was not a total, but a partial failure of consideration, the defendant is entitled *pro tanto* to the benefit of his plea, and may avail himself of the partial failure shown. In Louisiana the failure of consideration, either in whole or in part, is held a defense as far as it goes, on the principle, says Chancellor Kent, that matters which diminish, as well those which destroy the demand, may be pleaded in defense of the suit. 2 Kent, 474; 12 M. R. 647.

Although this was denied in the present instance, we have no doubt that if the denial was not quite immaterial under the evidence, its effect was wholly removed and obliterated by the entire instructions given in the case.

We are of opinion, therefore, that the judgment be affirmed.