## JANE BAGLY v. P. W. BIRMINGHAM AND WIFE.

A judgment will not be reversed because of an error in the charge, which is corrected in another part of it, so as to prevent the jury from being misled.

Admissions of the husband are not entitled to much weight as evidence, if any, of title in the wife, where it is shown that he had a motive in making them, contrary to, or irrespective of, the truth.

APPEAL from Lamar. Tried below before the Hon. William S. Todd.

This was a suit by the appellant, against P. W., and his wife Mary A. Birmingham, for a negro girl.

The defendants pleaded that the negro was the property of the defendant, Mary A. Birmingham, having been received by her as an advancement from her father, John A. Bagly, to whom they alleged, she originally belonged; and also the statute of limitations.

The plaintiff proved upon the trial, by three or four witnesses, that John A. Bagly had stated to them, on several different occa-

sions, from the year 1844, until 1850 or 1851, that all the negroes in his possession, except a man, Brad, were the property of his wife, (the plaintiff,) and that the negro girl, in controversy, was one of those then in his possession. The testimony further showed, that the defendant,.Mary A. Birmingham, got possession of the girl after her marriage, in 1853, with the consent of the plaintiff, and was to return her when the plaintiff should require it. John A. Bagly, the husband of the plaintiff, and father of the defendant, Mary A. Birmingham, died on 6th of March, 1856 ; the suit was commenced on March 4th, 1858.

On behalf of the defendants, it was proved, that John A. Bagly and the plaintiff, were married in Alabama, some time about the year 1835, where the common law upon the subject of marital rights is in force ; and that he purchased the mother of the negro girl in controversy, in the year 1835. But while residing in Alabama, he became very much embarrassed by security debts, to avoid the payment of which, he ran off two negro men to Texas, and "kept his other property out of the way of the sheriff," until the year 1844, when he secretly removed, with his family and negroes, to Texas. It, however, was also shown, that in the year 1847 or 1848, he became satisfied that he was protected by the statute of limitations, against the debts, to avoid payment of which he had moved from Alabama ; and two of the witnesses testified that he had told them, subsequently to that time, that the plaintiff owned the negroes in his possession.

*S. H. Morgan*, for the appellant.

*W. B. Wright*, for the appellees.

WHEELER, C. J.—An erroneous proposition or statement, in the charge of the court, which is corrected in another part of the charge, so as to prevent the jury from being misled thereby, is not a ground for reversing the judgment. (Mercer v. Hall, 2 Texas Rep. 284.) Such is the case with the error here complained of. In the next sentence, the court said to the jury,

"You will consider the whole evidence, and if by it you are fully satisfied that John A. Bagly admitted the plaintiff to be the owner of the slave in controversy, in this suit, and that he made such admission because the fact was so, you will find for the plaintiff." This was all the plaintiff could ask. It was so plainly applicable to the evidence, that the jury could not mistake its meaning. It shows plainly that the court did not intend to convey the meaning which the language of the preceding sentence literally imports; and the jury could not so have understood the court upon the whole charge. Considered altogether, we are of opinion that the charge was not calculated to mislead, and that it was not unfavorable to the plaintiff.

The statements or admissions of the husband of the plaintiff, cannot, we think, be considered as entitled to much weight, as evidence of title in the plaintiff, when it is shown, that he had a motive and purpose for making these statements, irrespective of, or even contrary to what might be the fact. Under the circumstances, they can scarcely be supposed to amount to any evidence that the title was as represented by him. In Bradshaw v. Mayfield, 18 Texas Rep. 26, it was said, that "verbal sales and gifts, between husband and wife, ought not to be admitted, unless on clear and satisfactory proof that the property was divested out of the vendor or donor, and vested in the vendee or donee." It is unnecessary, in this case, to decide whether the evidence was sufficient to warrant a verdict for the plaintiff. It clearly was not such as to require the jury to find in her favor. The question of fact was fairly left to their decision, and we see no cause to be dissatisfied with the verdict.

We are of opinion that there is no error in the judgment, and it is affirmed.

Judgment affirmed.