CASE 31—PETITION ORDINARY—DECEMBER 31.

# Phillips vs. Keifer, &c.

APPEAL FROM JEFFERSON CIRCUIT COURT.

1. A purchaser of personal property at a sale by administrators of the estate of their intestate, cannot, in an action against him by the administrators upon the note executed to them for the purchase money, rely, by way of counter claim, upon the fact that one of the administrators had converted a part of the property to his own use after the sale was made.

2. In such action, however, where one of the administrators claimed part of the property as his own, and denied that the purchaser had acquired any right to it by his purchase, the purchaser might proceed against him by cross petition to recover of him in his individual character for the illegal conversion of the property.

WORTHINGTON & JOHNSTON, for appellant, cited *Civil Code, secs.* 128, 117, 130; 17 *B. Mon.*, 681; 15 *B. Mon.*, 460; 17 *Ib.*, 10.

PHILLIPS on same side.

A. M. STOUT for appellees.

CHIEF JUSTICE SIMPSON DELIVERED THE OPINION OF THE COURT:

This action was brought upon a note executed by Keifer and others, to the administrators of Samuel Phillips, deceased, for the price of four hundred and forty-eight cords of wood, which was purchased by Keifer as part of the personal estate of said Samuel Phillips, deceased, at a sale thereof made by his administrators.

The defendants in the action, by way of defense thereto, set up and relied upon the fact, that a large part of the cord wood, for the price of which the note sued upon was executed, had, subsequent to the sale thereof, been taken by Thomas L. Phillips, one of the administrators, and converted by him to his own use, whereby the purchaser had been prevented from obtaining the benefit of his purchase, and was greatly injured. They made their answer a cross petition against the plaintiffs in the action, and asked for the appropriate relief.

The court below decided that the matters relied upon by way of defense did not constitute a valid counter claim or set-off against the debt sued for, but presented a good cause of

action against one of the plaintiffs, which might be prosecuted by cross petition. The court thereupon rendered a judgment against the defendants for the full amount of the note sued upon, and continued the proceedings on the cross petition. At a subsequent term of the court, the issue which had been made on the cross petition was tried by a jury, and decided in favor of the defendant Keifer, who was the plaintiff in the cross petition; and a judgment having been rendered against Phillips for the damages assessed by the jury in their verdict, he has appealed therefrom to this court.

As the debt sued for was due to the plaintiffs in their fiduciary capacity as administrators, the illegal conversion to his own use, by one of the administrators, of part of the wood sold, could not be relied upon by way of counter claim by the purchaser, because the illegal act which the administrator committed created an individual liability, and not a cause of action against him in his representative character. The only question then, is, could a cross petition be maintained against him in this action to recover damages for the wrongful act complained of?

If it can be maintained, it must be under the provisions of the amendment to the Civil Code, which was adopted at the session of the legislature in 1857–'8, the first section of which amendatory act reads as follows:

"When a defendant has a cause of action against a co-defendant, or a person not a party to the action, and affecting the subject-matter of the action, he may make his answer a cross petition against the co-defendant or other person."

The first point to be ascertained, in order to determine whether the cross-petition in this case was authorized by this amendment, is, was the cause of action set forth in the cross petition connected with the subject of the action in the manner contemplated by the statute; for unless such a connection existed, a cross petition could not be maintained, but the party had to resort to a separate and independent action to recover damages for the injury complained of.

If the appellant had owned the cord wood, and sold it in his individual capacity to the purchaser, the latter would have had

an undoubted right to have relied, by way of counter claim, upon the fact that the vendor had himself converted a part of the same wood to his own use, after the sale was made.    The price of the wood being the subject of the action, and the cause of action asserted by the purchaser being for the conversion of part of the wood, there would exist such a connection between the two causes of action as would authorize the purchaser to rely upon his cause of action against the plaintiff as a counter claim.

If, however, a sale of property be made, and the purchaser be sued for the price thereof, he would not have a right in that action to file a cross petition against a third person, on the ground that such third person had injured the property so purchased by him, or wrongfully converted it to his own use.    In such a case the causes of action, although referring to the same subject-matter, would not be connected in the manner contemplated by the act.    The two causes of action would be distinct and independent, and the right to recover in either one of them would not depend in any degree upon the proceedings in the other.

But where such third party asserts a claim to the property, and denies the title of the vendor thereto, then it would be right and proper to prosecute a cross petition against him and the vendor jointly, because in such a case the two causes of action would not only refer to the same subject-matter, but the extent of the recovery in the original action would depend upon the result of the matters litigated in the cross petition.

In this case the appellant claimed part of the wood as his own, and denied that the purchaser had acquired any right to it by his purchase.    This assertion of right by him rendered it proper for the purchaser to proceed against him by cross petition in the action for the price of the wood; for if he had succeeded in establishing his claim to a part of the wood, the right of recovery against the purchaser would have been diminished to that extent.

Although, however, the defendant's cause of action affects the subject-matter of the original action, the question still occurs, can he make his answer a cross petition against one of

the plaintiffs in the action, under the circumstances existing in this case, when the amendatory act only allows it to be done against a co-defendant, or other person who is not a party to the action?

It seems to us that this case is embraced by the act, when liberally construed, so as to accomplish the object contemplated by its passage. Under the provisions of the Civil Code, before the amendatory act was passed, a cross petition, in the nature of a counter claim or set-off, could only be maintained against the plaintiff in the action. The amendment was made to enable the defendant to make his answer a cross petition against a co-defendant, or any person not a party to the action, where he had a cause of action affecting the subject-matter of the action against him; thus providing him in such a case with a remedy not only against the plaintiff, but also against all other persons.

Here the plaintiffs sue as administrators; and one of them is liable in his individual capacity to the defendant for an illegal conversion of his property. The plaintiff having brought the action in his fiduciary capacity, and being proceeded against in the cross petition in his individual character, may be regarded as embraced by that provision in the amendatory act which applies to persons who are not parties to the action, inasmuch as he is not a party to the action in the character in which he is sued by the defendant. It follows that the defendant's cross petition against the appellant could be maintained.

The testimony before the jury was conflicting, and, indeed, irreconcilable, but we cannot decide that the weight of the evidence is decidedly opposed to the verdict of the jury.

Wherefore, the judgment is affirmed.