NelsoN, J.,
delivered the opinion of the Court.
On a former day of the present term, a decree was pronounced in this case in favor of the complainant, for the tract of land in the pleadings mentioned, and a petition was presented by James P. Swann, R. M. Barton and It. McFarland, representing, among other things, that they were solicitors of complainant in the court below, and in this court, and had rendered valuable professional services to him; that he has removed to a distant part of the State, and is either insolvent or so embarrassed in his circumstances, that he cannot pay the fees; that but for their .services the land would have been lost; and they pray that a lien may be declared on the land in their favor for their fees, or that such other order may be made, as will do them justice in the premises.
We have delayed any action on the petition, because of an intimation that it had been, at some period, decided by our predecessors that' no lien exists in favor of an Attorney, by reason of his mere relation as such, upon the real estate in litigation; but no such case has been produced, and so far as our researches have extended, there is no reported case in this State to that effect.
In Read v. Bostick, 6 Hum., 323, it was decided that when the proceeds of the sale of land have come into the hand of an attorney, he may retain, for the *505 value of bis services as such, in procuring tbe sale. In Benton v. Henry, 2 Cold., 86, it was declared that a contract by attorneys with tbeir client, to pbtain tbeir fees out of money in litigation, when collected, was not ebampertous, and was nothing-more , tban tbe riglit given them by law, as they bad a lien on the funds when collected, which could have been enforced by motion, if the fund was in court. Tbe case of Hoag v. Avery, decided at Jackson, April Term, 1866, is not reported, but cited in 1 King’s Tenn. Dig., 123, No. 270 and No. 271, .and in Heiskell’s Dig., p. .220, •§ 2, .par. .2, to the effect that when a suit is compromised in good faith, and tbe property given to one party, the attorney of the adverse party has no lien on tbe property for fees; but it would be otherwise if tbe compromise were made collusively, to defeat tbe lien.
As land in litigation is generally as much .in tbe custody of tbe law as a pecuniary fund under control of tbe Court, it is difficult to pereieve why an attorney is not entitled to a lien for bis fees, just .as much in .the one case as in the other. .Nor can any valid reason exist why tbe lien, which is enforced' every day in favor of vendors, mechanics, carriers, landlords and others, to whom property is entrusted for safe keeping, improvement, repairs, or other work to be done upon or in reference to the specific article delivered, shall not be declared in favor of attorneys, upon the property in litigation. In England, it has been decided that a solicitor prosecuting a suit in Chancery to a decree, has .a lien on the estate in the hands of the person recovering, but not in the hands of the heir. Barnesley v. *506 Powell, Amb., 102; Cross on Law of Lien, 32 Law Lib., 146 top, 215, m. In the work last cited, it is stated that there are two kinds of lien, which the solicitor is held to be entitled to, in equity, for his costs — first, on the funds recovered, and secondly, on the papers in his hands, lb., 216, m. It is said further, that there must "constantly occur cases in which justice and the necessity of parties may render it necessary for the courts to interfere, to compel the production of papers detained by way of lien; but until the demand authorizing the detention be paid, or otherwise satisfied, any application to a court, or to a Judge at Chambers, that they may be delivered up, will be unsuccessful, ib., 233,, m.; and the Court will not order the personal representative of a solicitor to deliver up the papers in a cause to another solicitor, .without payment or security, for payment of the solicitor’s bill, lb., 238.
The full force of these decisions is obvious when it is remembered that, although the doctrine as to the creation of an equitable mortgage, by the deposit of title deeds, has not prevailed in this State, it is in full force in England, where it is held that such deposit is of itself evidence of an agreement executed for a mortgage of the estate. Coote on Mortg., 16 Law Lib., 195, m.; Cross on Lien, 144, m.; 2 Spence Eq. J., 781, m. If an attorney, therefore, can, in England, retain the the title papers of his client, as against him, his heirs and representatives, although he can not directly enforce it as such, it is equivalent to his having a mortgage for his fees on the real estate in litigation, to secure their payment. 2 Spence Eq. J., 799, 800. In Cross on *507 Lien, it is stated further, that it is not only consonant with justice, but with the true interests of clients themselves, that the power of the Court should at all times, be exercised for the protection of attorneys in the recovery of the costs incurred in the prosecution of their clients’ claims. Ib., 227, m. And it has been held that, the lien of an attorney for his bill of costs extends to money levied by the Sheriff under an execution on a judgment recovered by his client, and he is entitled to have it paid over to him, notwithstanding the Sheriff may have received notice from the party against whom the execution has been issued to retain the money in his. hands, and that the Court would be moved to set aside the judgment for irregularity, and even though a docket has been struck against the client, who has become bankrupt. lb., 220, m. And if the defendant, collusively with the plaintiff, settle an action by depositing a bill ■ of exchange in the hands of a third party, the Court will order the bill to be given up to the plaintiff’s attorney, lb,, 228, m. And since parties can not, by their own agreement, divest the attorney of his lien on the judgment, neither can they by a reference to arbitration, lb., 230.
So, also, in England, a solicitor has a general lien for his costs, &c., on the papers in his hands, and it seems that he may obtain an order to prevent his clients from receiving money recovered in a suit until his bill be paid. Coote on Mortg., 16 Law Lib., 12, 13, m.; See, also, ex parte Nesbitt, 2 Sch. Lcf., 279, m.; ex parte Moule, in re, Dark, 5 Mad. Ch. R., 464, 465, m.
These general principles, moulded and adapted to the character of the litigation in the United States, have *508 been applied, in numerous cases, in our American courts. See Rust v. Larue, 4 Litt., 217; Coldwell v. Shephard, 6 Monroe, 392; Heart v. Chipman, 2 Ark., 492; Pinder v. Morris, 3 Caines, 165; 10 Wend., 617; 15 Johns, 465; 1 Cow., 172; 3 Verm., 149; 20 Pick., 259; 2 Met., 478; 11 New Hamp., 163; 4 Sandf. Sup. Ct. R., 661; 8 Texas, 153; 8 Ark., 193; 1 E. D. Smith, N. Y. Rep., 598; 8 Florida, 183; 12 Conn., 444.
Among other cases decided in other States, A instituted an action for partition, and-after his attorney had become .entitled to about $75 for his fees and over $100 for disbursements, the plaintiff' assigned all his share in the property to B and others, who insisted on substituting another attorney, without paying the first anything. The Court refused the substitution until all the disbursements were paid. Afterwards, the property was sold, and by order of the Court all the costs of the plaintiff’s were deducted, before the fund could be distributed, and those costs were brought into court that the Court might determine who was entitled to them; and it was held that no one could have a more equitable title to a share than he by whose exertions the whole fund was created; that the assignees taking an assignment of the action as' it stood, took it with all the burdens upon it, and one of these was the liability to have the costs thus incurred deducted from the amount of costs recovered, and it was ordered that the first attorney should be allowed out of'the fund all his adjustable costs. Creighton v. Ingersoll, 20 Barb., N. Y. R., 541.
It has been held in New York that the attorney has a lien on the judgment for his costs, and if the defend *509 ant, after notice, pay them to the plaintiff, he pays them in his own wrong; but a settlement made by the defendant in good faith will protect him. See cases cited in 1 Clint., N. Y. D., 278, § 96.
In England and New York, costs are allowed' to attorneys and solicitors in each cause; but, in this State, the tax fees formerly allowed to attorneys were repealed, and their fees depend entirely upon contracts, either express or implied, for their services. It was long since decided, in the case of Newnan v. Washington, Mart. Yerg., 79-82, that the common law doctrine that neither a physician nor a counsellor can recover upon a quantum meruit for professional services, because the services rendered by those professors are merely honorary and gratuitous, has never prevailed in this State. It has been decided in this Court, in other cases, that contracts between attorney and client, pending that relation, require the utmost fairness and good faith on the part of the attorney, because of their confidential relation; and attorneys have been generally treated and regarded, in this State, as standing in the relation of officers, of the court, and, to a considerable extent, under its general supervision and control. They may be fined for misconduct, and stricken from the roll for malpractice. Summary proceedings may be instituted against them, as against Sheriffs, Constables and Clerks, for failing to pay over money. They may be disbarred and disqualified from holding office for fighting a duel; and while it is the duty of the courts to protect clients against all unfair advantages on the part of their counsel, it is a duty of equal *510 obligation to shield the attorney, so far as practicable, against the bad faith and ingratitude of clients.
The lien of a vendor of land is enforced in equity against the vendee, although no reservation of a lien is contained in a deed. His equity grows out of the transaction, and we hold that an attorney is entitled to an equitable lien on the property or thing in litigation for his just and reasonable fees, and that the client cannot, while the suit is pending, so dispose of the subject matter in suit as to deprive the attorney of his lien, nor afterwards to any purchaser, with notice. The pendency of the suit is, of itself, notice to all persons, and the lien may be preserved and the notice extended, by stating its existence in the judgment or decree.
In the case under consideration, if there be any purchasers of the land since the commencement of the suit, we can make no decree against them, as they are not before us; but the Master will hear proof, and report what will be a reasonable compensation to petitioners; and their lien, to that extent, will be declared as having existed from the commencement of the suit, and be enforced by a proper decree.