By the Court,

Nelson, Ch. J.
The defence to the action in this case is, that the plaintiffs gave time to the principal debtor, Morris; the jury have found in favor of it, upon the facts, under correct instructions from the court. The only question, therefore, presented is, whether the evidence warranted the verdict. Mere indulgence at the will of the creditor, [503] extended to the debtor, in no way impairs the obligation of the surety; if it did, it would be a most inconvenient and oppressive rule, as then, suits must immediately follow the maturity of the paper. It is well settled, there *284 must be a valid common law agreement to give time, founded of course upon a good consideration, to have this effect. Was such an agreement proved here?
Morris, the maker, called by the defendant, is the only witness; and if there was an agreement, he was a party to it, and in a situation to place the fact beyond controversy. His interest was balanced, and for aught that appears, he is a man of respectable character. The witness was called by the defendant because he held the affirmative and must establish the agreement giving time, with reasonable certainty in the first instance. I have looked through the case, and do not find that this witness undertakes to prove any such contract; not even that it was his purpose to procure one, in the several interviews with the cashier of the bank; and if he is not able to assert the fact, so far as he himself was concerned, it can not be expected that he could prove one on the part of the bank. The utmost that he testifies to is, that he soliciled indulgence to arrange his affairs, and try to relieve his endorsers; and that he was given to understand this would be extended to him. No time, terms or conditions upon which it would be granted, were mentioned, asked for, or agreed upon. It is not pretended by the witness, that the indulgence was assented to in consideration of the giving of the judgment, or the turning out of the notes and obligations. These are the considerations urged and the only ones that can be relied on. If it was thus understood and intended by the parties, the witness could not well have forgotten the facts; at all events, they are not to be presumed when one of the parties is not willing to assert them under oath; it would be presuming against the recollection of a party to the transaction, the most deeply interested in it at the time, and therefore the most likely to remember it. To infer a contract under such circumstances would be not only substituting conjecture [504] for, but against evidence; as the inability of a witness to testify to the existence of a contract to which he is alleged to have been a party, is something more than mere negative testimony. As the charge, however, was correct, assuming the point to be put to the jury, and there is no exception to the instructions in this respect, the new trial should have been granted by the circuit judge on payment of costs. There was an exception to the application of the doctrine giving time to the case, for reasons given by the counsel; but none respecting the submission of the question of fact to the juiy.
New trial granted on payment of costs.