Cowen. J.
By the Court, It is admitted that the judge erred in saying that the second note was good, though given on an usurious agreement. The charge should have been that it was void, but that it being void would not prevent a recovery on the original loan, if that were without usury.. The error was, however, merely in the words used, and resulted in no injury to the defendant. The second note being for no more than the sum loaned, with interest, the measure of recovery was the same under the charge given, as if the jury had been referred to the original amount. It is also complained that the judge should have qualified the direction given, by saying that the jury could not find for the plaintiff without the production and cancellation of the note in question. It would have'been somewhat awkward for the jury to find such a conditional verdict; though it would have been very well, had the judge been requested, to ask the jury whether they found the second note to be usurious ; and if they did, then to require its production and cancellation. This perhaps would have been right. The thing was not mentioned, however; and if it be of any importance, that form may still be complied with.
The important question is whether the jury have not found against the weight of evidence. I am free to say, that, on the testimony of Carpenter, confirmed as he certainly was by other witnesses, I should probably have *80 felt myself bound, sitting as a juror, to have ‘found the original loan usurious. But this is hardly sufficient to warrant.. an interference with the verdict against a defence so severely penal as' that of usury. The case, as made out, was open to some observation on the question whether the usurious ^contract extended to the original loan; and, on the whole, [ *81 ] we think the verdict should not be disturbed.
Let a new trial be denied, on the plaintiff cancelling the note in question and filing it with the clerk of this court at Albany. >