By the Court,

Co wen, J.
The receipt seems plainly to import a bailment. It was a contract, or in the nature of a contract; and therefore not open to contradiction in the sense of the rule applicable to receipts proper. In this view, the contradictory evidence was not admissible, (a)
The import of the terms was controllable by the usage among wheat dealers—such as the defendants were—if that usage was so universal and well known that the jury were bound to consider it parcel of the contract. But of this they were the judges.
Supposing the words to be ambiguous, and so open to explanation by circumstances, these were not, I think, of that clear and decisive character which call on us to disturb the verdict. It is singular, and scarcely compatible with a bailment, that the plaintiff should have mixed the wheat with thousands of bushels belonging to others or to the defendants. But the evidence was not entirely explicit as to the mixture, The wheat was put in a common bin ; but that did not necessarily destroy the means of identifying it, The words common bin are themselves ambiguous. It might have been so arranged, although common, that the wheat of each customer could be distinguished. The question was one for the jury, as was also the construction to be placed upon the plaintiff’s language. The whole turns on the weight of evidence, even in the most favorable view for the defendants. .When wheat receivers I----- *106 mean a sale, they should express themselves more clearly than was done in this case. They should make out bills of sale, or sale notes. It is, at best, dealing very freely with a written contract to receive and act at all upon parol evidence tending to show that a receipt of wheat in store means a sale.
The defendants claim a new trial solely on the weight of evidence. A contract worded as this was, weighs, in itself, very heavily against them; and to say it is clearly overcome, is more than we can do on the evidence in this case.
Having disposed of the principal case, a word is due to the profession in respect to a case cited by the defendants’ counsel, viz. Green v. Burke, (23 Wend. 490.) This has of late been often cited as showing that, though a verdict be • set aside as against the weight of evidence alone, the costs are to abide the event. The rule is otherwise, and nothing is said upon it in the case cited, one way or the other. Nor is there any color for the suggestion in the marginal note. A verdict, wrong inform, was received at the circuit, upon which such an entry on the record as was due to the justice of the case could not be made. On this error, as well as on the weight of evidence, a new trial was granted. The only thing said of costs, is in the direction, for entering the rule at the end of the case, viz. “ costs to abide the event.” Where the verdict is set aside purely as against the weight of evidence, unmixed with other reasons, the rule is as laid down by the chief justice in The Bank of Utica v. Ives, (17 Wend. 501.) It must be on payment of costs.(b) Burke v. Green involved another point, on which I stated at the outset that a new trial must be granted; and the point is also stated in the head note of the reporter.
New trial denied.(c)

 See Cowen & Hill’s Notes to Phil. Ev.p. 216,217,1439, and the cases there sited.

 See Graham on New Trials, 603, and the cases there cited; Jackson v. Thurston, (3 Comen, 342.)

 See Dawson v. Kittle, (post, p. 107.)