### HENRY W. DEEMS v. ROBERT L. CROOK AND ANOTHER.

An accommodation note loaned to a trader to aid him in payment of his debts, and by him transferred in payment of a precedent debt, can be enforced by the party so receiving it.

A party has no right to require a judge to charge a mixed matter of law and fact.

When the charge might in strictness be considered too general, but the evidence is left to the jury, and there is no error in the conclusion of law to which the judge arrived, the verdict will be sustained.

A verdict will not be set aside for misdirection where the party sustained no injury thereby.

ASSUMPSIT on a promissory note.

Isaac Covert being unable to pay his debts, applied to the defendant to aid him, who agreed to do so, and gave him the note in question for $100, for that purpose.

Covert being in debt to the plaintiffs between $300 and $500, gave them this note and three others of a similar amount, and at the time of the transfer obtained from the plaintiffs more goods to the amount of about $80.

On the trial the defendant's counsel claimed that the note was an accommodation note, and was transferred to the plaintiff for a precedent debt, contrary to the defendant's intention.

*The Circuit Judge* charged the jury that the plaintiffs were entitled to recover, to which the defendant excepted.

*The Defendant's Counsel* requested the judge to charge the jury that the note, being an accommodation note, and received by plaintiffs in payment of a precedent debt, contrary to the intention of the defendant when he gave it, the plaintiffs were not entitled to recover.

*The Judge* refused, and defendant excepted.

*J. B. Scoler,* for defendant, moved for a new trial.

*G. A. Shufelt, contra.*

*The Circuit Judge:* The refusal to charge as requested by the defendant's counsel was right. The judge was desired to charge a matter of fact, viz.: that the note was an accommodation note, received by the plaintiffs in payment of a precedent debt, and contrary to the intention of the defendant, and therefore the plaintiffs were not entitled to recover.

The defendant had no right to demand such a charge, because (except the conclusion as to plaintiffs' right to recover) this was all mere matter of fact on which the jury were to pass; and as to the conclusion of law the court had already charged that plaintiffs were entitled to recover.

It is averred, however, that the judge erred in the charge he did make. The charge is very general, but it is not there-

fore necessarily wrong. If the evidence was not withdrawn from the jury, and there is no error in law in the conclusion to which the judge arrived, the verdict will be sustained. (*Decan* v. *Hewitt*, 5 Wend. 257; *Nichols* v. *Goldsmith*, 7 id. 160; *Jackson* v. *Timmerman*, 12 id. 301.)

The testimony was not withdrawn from the jury, and though it would have been better to have submitted to them for their decision the question whether it was an accommodation note and had been transferred to the plaintiffs contrary to the defendant's intention, yet unless the conclusion of law drawn by the judge from the facts, as proved, was wrong, it will not be proper to grant a new trial, for when there is a conclusion of law arising from plain facts, the judge may, and indeed it is his duty to, direct a verdict according to such conclusion (*Rich* v. *Rich*, 16 Wend. 663), and a verdict will not be set aside on a case for misdirection, where the party sustained no injury by the misdirection. (*Mansfield* v. *Wheeler*, 23 Wend. 79.)

The question then recurs, whether there was any error in the conclusion of the judge that the plaintiffs were entitled to recover? I think not, for it is evident from the testimony that this note was obtained by Covert to aid him in paying his debts, and was appropriated by him for that purpose, and the inference is almost irresistible that the defendant knew of the intention of passing it to these plaintiffs. There is no foundation in fact for alleging that the note was misapplied, and the point therefore does not arise whether the case is to be governed by the principle of *Coddington* v. *Bay* (20 J. R. 637), or that of *Swift* v. *Tyson* (16 Pet. R. 14), for, in either aspect of the law, the verdict in this case was right.

New trial denied.