GIBBONS L. KELTY AND DANIEL M. FERGUSON v. ELISHA F. JENKINS AND DANIEL M. HUGHES.

The payee and first indorser of a promissory note gave to the holders, at its maturity and in renewal, his own note, indorsed and secured by a pledge of stock, for the purpose of obtaining an extension of time.  It was accepted by the holders. *Held*, that this arrangement, having been made without the knowledge of the second indorser, discharged him.

A notice of appeal should specify, with distinctness, the errors alleged to have been committed by the court below, to rectify which the appeal has been taken.  A general statement, "that the judgment is unsustained by and contrary to law and evidence," is insufficient.

APPEAL from a judgment of the Marine Court.  This was an action against the defendants as indorsers of a promissory note. The defendant Hughes alone defended.  It appeared upon the trial that the note, which was made by one Saxton, was indorsed by the defendants solely for the maker's accommodation  When

it became due, the defendant, Jenkins, told the plaintiff that the maker promised to provide funds in about four months to meet the note, and requested the plaintiffs to take his individual note, secured by stock, which they accepted. The defendant Hughes knew nothing of this arrangement. Judgment was rendered in his favor, from which the plaintiffs appealed. The notice of appeal made no other specification of the ground of appeal, than that the judgment was unsustained by and contrary to law and evidence.

*R. Busteed*, for the appellants, quoted, Bailey on Bills, chap. 9, p. 338–340 (5th ed.); *Sargent* v. *Appleton*, 6 Mass. R. 85; *Callihan* v. *Tanner*, 3 Rob. (La.) R. 299; *Philpot* v. *Briant*, 4 Eng. R. 77; Chitty on Bills, chap. 9, p. 442–447 (8th ed.); *Bank of U. S.* v. *Hatch*, 1 McLean R. 93; *McLamore* v. *Powell*, 12 Wheaton R. 554; *Planters' Bank* v. *Sellman*, 2 Gill. & John. 230; *Margesson* v. *Gable*, 2 Chitty's R. 364.

*John O. Robinson*, for the respondent, quoted, *Church* v. *Barlow*, 9 Pick. 547; *Seabury* v. *Hungerford*, 2 Hill, 82, 84; *Bangs* v. *Strong*, 7 Hill, 250.

DALY, J.—It appears that when the note in suit became due, Jenkins, the payee, called upon Ferguson, one of the plaintiffs, and told him that the maker had promised to place funds in his (Jenkins') hands, to meet the note in four months, and proposed to give his (Jenkins') indorsed paper at four months in renewal, offering, as an inducement, ample security in stock. The proposal was accepted. Jenkins placed the security in Ferguson's hands and the paper in renewal was given. This arrangement was entirely without the knowledge of Hughes, the second indorser.

This was an express agreement to give time to the maker and payee, founded upon a good consideration, and operated to discharge Hughes. *Bank of Utica* v. *Ives*, 17 Wend. 501; *Gahn* v. *Niemcewicz*, 11 id. 312. It was not a mere indulgence, at the

will of the plaintiffs, but, by accepting the indorsed paper of Jenkins in renewal, in consideration of the security placed by him in their hands, they suspended the right of action upon the original note, until the maturity of the paper taken in renewal (*Putnam* v. *Lewis*, 8 Johns. 389), and thereby discharged Hughes; that agreement having been entered into without his knowledge or consent.

The notice of appeal, moreover, was defective in not setting forth the grounds of appeal. To say that " the judgment is unsustained by and contrary to law and evidence," is a notice that might be given in every case, and would be a mere formality, furnishing no information whatever, to the opposite party or to the court, of the grounds upon which the appeal was brought. The notice should specify, with sufficient distinctness and certainty, the error or errors committed by the court below, to rectify which the appeal has been taken.

Judgment affirmed.