## SUPREME COURT.

EDWARD NORTH agt. ROBERT SARGENT and others.

Where a *broker* loans money on a promissory note, as the *agent* of another, and charges and receives a *commission* for the loan, without the knowledge or participation of the lender, the transaction is not *usurious*.

Where Sayre testified that he loaned the money to Hardenburgh, took the note and gave it to Hayward, from whom he (Sayre) got the money, and that *Hayward received a share of the money paid to him, held,* that this evidence did not warrant the *jury* in finding the note *usurious.* New trial ordered. *(Seems to be a pretty close case.)*

*New York General Term, April,* 1861.

CLERKE, SUTHERLAND and INGRAHAM, *Justices.*

MOTION for a new trial.

By the court, INGRAHAM, Justice. The defence set up by the defendants in this case to the note on which the action was brought was usury.

That usury was alleged to be the payment of more than seven per cent to one Hardenburgh for originally obtaining the loan, and at subsequent times for the renewal of it.

Whether such payments were usurious or not, depended on the character in which Hardenburgh was acting. If the original loan was for himself, then the taking of more than seven per cent interest would affect the security with usury, and make it void in the hands of any subsequent holders. But if he was acting as a broker, and the commission was charged by himself without the knowledge or participation of the lender, then it would not be a usurious transaction. This has been lately held by the court of appeals in *Condit* agt. *Baldwin,* at a late term.

The testimony of Hardenburgh is positive on this point, and if it is credited, then it is very clear that he was only an agent, and what he received in no way passed to the lender Hayward, nor was it to be considered as constituting usurious intent.

On the contrary, it was merely a commission to the broker for his services, paid without the knowledge of the lender, and paid with the knowledge that Hayward was to loan the money, and not Hardenburgh.

It was urged on the argument that Hardenburgh was impeached by the testimony, and that the jury disregarded his evidence. Although I doubt very much whether anything appearing in the case warranted the jury in disregarding his testimony still the case can be examined without his statements, with the same result.

Houghton, who proved the supposed usury, testified that he dealt with Hardenburgh as a broker, and knew that he was loaning money for others, and that at the time of this loan he applied to him to raise the money for Houghton as a broker.

Sayre testified that he loaned this money to Hardenburgh, took the note, and gave it to Hayward, from whom he got the money. He also stated that Hayward received a share of the money paid to him.

This evidence did not warrant the jury in finding the note usurious. All the evidence shows that the money was originally obtained from Hayward, and whether Hardenburgh's evidence is credited or not, the clear weight of the testimony is against the defence.

It is not necessary here to say what sum the plaintiff was entitled to recover. The note was not void for the usury alleged by the defendants. If not void, the plaintiff was entitled to recover something on the note, and the verdict was therefore wrong.

This is one of those cases where the verdict is against the evidence. In such cases, when a new trial is granted for the error of the jury, the rule requires the payment of costs by the party applying for the new trial.

There were no errors of law on the trial, and no exception to the judge's charge.

The exception to the refusal to charge as requested by

the plaintiff was not well taken, because the pleadings did not admit that the plaintiff was entitled to recover $65, but merely that the plaintiff could not recover more than that sum, if he could recover anything.

Judgment reversed, and a new trial ordered on payment of costs.