## SUPREME COURT.

THE EAST RIVER BANK agt. ANSON B. HOYT and others.

Where a *bank*, as a condition of the discount of a promissory note, requires that the party shall have another note discounted having the same time to run, and shall leave the proceeds of the latter note in the bank to the credit of the party until the notes become due, and requires the deposit of a check of the party on this money bearing date the day the note will be payable, it is a clear case of *usury*.

Although it is settled that a *new trial* will not be granted in actions for penalties on the ground that the verdict is against the weight of evidence, where the *ver-dict is for the defendant;* yet there is no such rule or decision where the verdict is in favor of the *plaintiff*.

Where a new trial is granted on the ground of the verdict being against evidence, the same can only be on payment of *costs of the last trial*.

*New York General Term, March*, 1862.

INGRAHAM, LEONARD and CLERKE, *Justices*.

By the court, INGRAHAM, P. Justice.  A motion was made before me for a new trial in this case, founded on the minutes of testimony.

Upon the trial it was proven by witnesses that when the note on which the suit was brought was discounted by the bank, it was required as a condition of the discount, that the parties should have another note discounted having the same time to run, and should leave the proceeds of the latter note in the bank until the notes became due.  The precedent cited required the party to whom the discount was credited, to give a check on this money bearing date the day the note would be payable.  This was so clearly an attempt to obtain more than seven per cent. on a loan of money, and so clearly usurious, that I am at a loss to see how the jury could come to a contrary conclusion. Indeed, it was admitted by the president of the bank that he told the parties that he could not afford to discount notes at seven per cent.  It is true that he also stated that the money was placed to the credit of the borrower on the books of the bank, and he supposed he might have drawn it on his checks if he had insisted on doing so.  It is hard to suppose, however, that any such intention existed on the part of the officers of the bank in opposition to all the other evidence in the case, especially where it appeared that the last note was taken without any responsible indorsement. On the contrary, it is apparent from the whole transaction that the intent of the officers of the bank was to compel the debtor to pay double interest for the money which the borrower actually received from the bank.  The note therefore was void for usury.

Under such circumstances, the verdict should be set aside as against the evidence, and a new trial ordered, unless the decisions of the court prevent a new trial on such a question.

In *Rice* agt. *Welling*, (5 *Wend.*, 595,) the court held that where the question admitted of any doubt they would not

interfere with the verdict as against the weight of evidence. In *Mansfield* agt. *Wheeler*, (23 *Wend.*, 79,) the judge says: "The case was open to some observation on the question whether the usurious contract extended to the original loan," and on that account the court refused to grant a new trial.

In the *Overseers of the Poor* agt. *Lunt*, (15 *Wend.*, 565,) the court expressly held that a new trial would not be granted in a penal action merely because the verdict is against the evidence.

In that case, however, the verdict was for the defendant, and the court likened it to criminal proceedings where the accused was acquitted.

And in *Wheeler* agt. *Calkins*, (17 *How. Pr. R.*, 451,) the same rule is stated, but its operation is limited to cases where the verdict is for the defendant. (*See numerous cases cited in the opinion in that case.*)

But I have been referred to no case where the motion has been denied in such cases when the verdict was for the plaintiff.

On the contrary, all the cases seem to draw a distinction between a verdict for the plaintiffs and for the defendant, and holding that where the defendant has had a verdict in his favor in actions for penalties, the court will not expose him to a second trial on this ground.

The verdict in the present case is so clearly against the weight of evidence, that I think the defendants are entitled to a new trial.

Where a new trial is granted on the ground of the verdict being against evidence, the same can only be on payment of costs of the last trial.

New trial granted on payment of costs.