# SUPREME COURT.

## HENRY C. OVERING agt. ROBERT RUSSELL.

Where the circuit judge on the rendition of a verdict of the jury for the defendant, on the same day sets it aside and grants a new trial upon his minutes, on the sole ground that the verdict is *against evidence,* it should be *on payment of costs by the plaintiff,* and not that the costs abide the event.

The rule is well settled, and the Code has not abrogated it, that a verdict should not be set aside on the sole ground that it is against evidence, except on payment of costs by the party against whom it is rendered.

This court on appeal will reverse the decision of a circuit judge setting aside a verdict upon his minutes, on the sole ground that it is against evidence, where they think it is not so decidedly against the weight of evidence as to authorize the judge to set it aside, although if the verdict had been for the other side this court would not have disturbed it upon the evidence.

*Sixth District General Term, November,* 1864.

*Before* CAMPBELL, PARKER, MASON *and* BALCOM, *Justices.*

ACTION of ejectment for lot number 82, in great lot number 5, in the Hardenburgh patent, Delaware county—tried at the Delaware circuit in August, 1863. The jury rendered

a verdict in favor of the defendant. The judge granted a new trial upon his minutes, *costs to abide the event*, on the same day the verdict was received, *on the sole ground that the verdict was against evidence.* The defendant made a case containing the evidence, and thereupon appealed from the decision of the judge granting a new trial, to the general term of this court.

S. H. WHITE, *for plaintiff.*
WILLIAM GLEASON, JR., *for defendant.*

By the court, BALCOM, J. In *Jackson* agt. *Thurston* (3 *Cowen*, 342), the court set aside a verdict and granted a new trial, costs to abide the event, on the sole ground that the verdict was against evidence. But on a motion to correct the rule in respect to the costs, the court said : " The jury having decided contrary to evidence, the rule should have been *on payment of costs by the plaintiff*, such is the uniform practice ;" and the rule was modified so the verdict was set aside and a new trial granted, *on payment of costs by the plaintiff,* who had been beaten in the action. In *Goodyear* agt. *Ogden* (4 *Hill*, 106), COWEN, J., in delivering the opinion of the court, said : " Having disposed of the principal case, a word is due to the profession in respect to a case cited by the defendant's counsel, viz. : *Green* agt. *Burke* (23 *Wend.* 490). This has of late been often cited as showing that though a verdict be set aside as against the weight of evidence alone, the costs are to abide the event. The rule is otherwise, and nothing is said upon it in the case cited, one way or the other. Nor is there any color for the suggestion in the marginal note. A verdict wrong in form was received at the circuit, upon which such an entry upon the record as was due to the justice of the case could not be made. On this error, as well as on the weight of evidence, a new trial was granted. The only thing said of costs is in the direction for entering the rule

at the end of the case, viz. : ' costs to abide the event.'
Where the verdict is set aside purely as against the weight
of evidence, unmixed with other reasons, the rule is as laid
down by the chief justice in *The Bank of Utica* agt. *Ives*
(17 *Wend.* 501). It must be on payment of costs. *Burke*
agt. *Green* involved another point, on which I stated at the
outset that a new trial must be granted, and the point is
also stated in the head note of the reporter."

In *The Bank of Utica* agt *Ives* (*supra*), the jury rendered
a verdict for the defendant, which the circuit judge set
aside and granted a new trial, with costs to abide the
event, from which decision the defendant appealed. NEL-
SON, Chief Justice, delivered the opinion of the court. He
said : " As the charge, however, was correct, assuming the
point to be put to the jury, and there is no exception to
the instructions in this respect, the new trial should have
been granted by the circuit judge on payment of costs."
And the order of the circuit judge was changed, so that
the new trial was granted on payment of costs by the
plaintiff.

These decisions settled the rule that a verdict should not
be set aside on the sole ground that it was against evi-
dence, except on payment of costs by the party against
whom it was rendered. The rule was uniformly adhered
to until the adoption of the Code of Procedure, and I
believe it has generally been adhered to since. (*See Brown*
agt. *Bradshaw*, 1 *Duer*, 199 ; *Ward* agt. *Woodburn*, 27 *Barb.*
354.) I know of no case since the Code became in force,
in which this rule has been repudiated, and it is not abro-
gated by the Code itself. That only declares that " the
costs of *an appeal* shall be in the discretion of the court
when a new trial shall be ordered " (*Code*, § 306, *sub.* 1).
And I am of the opinion the courts should not change the
rule notwithstanding the difficulty there is in assigning any
good reason for making a party pay costs for a new trial,
if wrongfully beaten by a jury on the evidence, when the

costs may abide the event if he obtains a new trial for any error of the judge, or for a finding by the jury contrary to law. The rule has been settled and uniformly acted upon so long that it ought not to be changed by the courts. If it is wrong the legislature should abrogate it, or establish a different one.

These views lead to the conclusion that the judge in this case should have required the plaintiff to pay costs as a condition of having a new trial, if he was right in holding that the verdict was against evidence, and that he erred in directing that the costs abide the event. But I cannot construe the evidence as the judge did who presided on the trial.

Secord's memory was not good, and two of the Russells contradicted Keirsted. I have grave doubts whether Overing ever executed any lease of the lot to Secord. It seems to me the evidence tends strongly to sustain the conclusion that Secord signed the lease produced at the trial, and that Keirsted took it, with the understanding that Overing was to execute it and then return it or a duplicate to Secord, and that through forgetfulness or for some other cause, the lease was laid aside and never executed by Overing, and never seen again or mentioned until after this action was commenced. No rent of the lot was ever demanded of Secord or the Russells, and Secord executed a deed of his interest in the lot to Russell, which it is probable he would not have done if he had had a lease of it. If he had had a lease of the lot the presumption is he would have assigned that to Russell, instead of giving him a deed. Besides, if any lease had ever been delivered to Secord, the one produced at the trial would have been signed by Overing, as it should have been, if the understanding that Secord should have a lease had been carried out.

My conclusion is that the judge properly submitted the question to the jury whether the lease was ever delivered, but that he erred in holding that the verdict was

against evidence.    I think the verdict was not so decidedly against the weight of the evidence as to justify the judge in setting it aside, though I confess if it had been for the plaintiff we would not disturb it upon the evidence.    For these reasons I am of the opinion the order setting aside the verdict and granting a new trial, costs to abide the event, should be reversed with costs, and judgment given in favor of the defendant on the verdict, with costs.

Decision accordingly.