JBy the Court,
Barbour, J.
This is an action brought to reform an agreement for the sale of lands, and was tried before a justice of this court, without a jury. At a late general term the court, upon an appeal, directed the judgment to be reversed, and awarded a new trial, with costs to abide the event, upon the sole ground that the evidence given upon the trial was insufficient to authorize such judgment, and an order to that effect was accordingly settled and entered. A motion is now made, on the part of the respondent, to so modify that order as to charge the appellant with the costs.
It has long been the practice in this state, in cases in which judgments have been set aside and new trials directed, in actions at law, because of the insufficiency of the evidence to warrant the verdict, to charge the appellant with the costs. (Jackson v. Thurston, 3 Cowen, 342, Goodyear v. Ogden, 4 Mill, 104. Bank of Utica v. Ives, 17 Wend. 501. Ward v. Woodburn, 27 Barb. 354.) Ho similar practice, however, ever obtained in the Court of Chancery, where the entire ques *611 tion of costs was determined by the court upon a final hearing on the merits; nor, since the adoption of the Code of Procedure, has a like rule been extended to actions of an equitable nature.
We think that in cases like this, where the entire question of costs will be in the' discretion of the court, and may be adjudicated upon the final hearing, no direction as to. costs ought to be made by the general term, on awarding a new trial, because of the insufficiency of the evidence.
The order in question will be amended accordingly.