## MURPHY and others *vs.* HASWELL.

In an action to recover the price of three steam boilers, alleged to have been sold and delivered by the plaintiffs to the defendant, at and for the price of $3,385.17, which he promised to pay, the defence was, that the defendant ordered the boilers as agent for one W. The defendant was a civil engineer, and the plaintiffs' evidence was, that, as such, he had often given orders for work to the plaintiffs, who allowed him commissions on such orders; that the plaintiffs had received from the defendant a payment on account of said boilers, and given a receipt for it as being "on account of W.;" that the account was entered in the plaintiffs' ledger, in the name of W., and the boilers were delivered to vessels which W. was building. There was, also, testimony from the defendant that he told the plaintiffs he wanted the boilers for vessels building by

Murphy *v.* Haswell.

W.; that the plaintiffs allowed him a commission on these boilers, and they were furnished to W.; that the plaintiffs told him they had presented a bill to W., and said they wished they could hold him (the defendant) for them. It was shown that the defendant did not disclose the name of W., at the time of ordering the boilers, and the bill to W. was rendered at his request. The jury having found a verdict for the plaintiff; *held* that the same was against the clear weight of the testimony, and that a new trial should be ordered.

In such cases, a new trial is granted only on payment of costs.

APPEAL, by the defendant, from a judgment entered on the verdict of a jury, and from an order denying a motion for a new trial.

The complaint alleged that "the plaintiffs, at the special instance and request of the defendant, sold and delivered to him three new steam boilers, at and for the price of $3,385.17, which sum he promised and agreed to pay to the plaintiffs." That there had been paid on account, the sum of $2,125.07; and judgment was demanded for $1,260.10, with interest.

The answer was a general denial. The defence relied on, upon the trial, was, that the defendant did not order the boilers on his own account, but as agent for one Norman Wiard, to whom they were delivered.

The jury found a verdict for the plaintiffs, for the amount claimed, and interest.

*J. Warren Lawton*, for the appellant.

*Wm. W. Goodrich*, for the respondents.

*By the Court*, INGRAHAM, P. J. The evidence in this case shows that the defendant was a civil engineer. As such he had often given orders to the plaintiffs, for work in their business; that they never knew him to be engaged in building boats on his own account; that they had been in the habit, previously to this transaction, of allowing him commissions on such orders; and that this continued down to a period subsequent to the order for

Murphy *v.* Haswell.

the present account. That they received from the de
fendant a payment on account of the boilers in question;
for which the plaintiffs gave a receipt, purporting to be
on account of Wiard. The account was entered in the
ledger, in the name of Wiard, and the boilers were de-
livered to vessels which Wiard was building. All this
evidence came from the plaintiffs.

In addition to this, there is testimony from the defen-
dant that he told the plaintiffs he wanted the boilers for
vessels building by Wiard; that the work was furnished
to Wiard; that the plaintiffs allowed him a commission
on these boilers; that they told him they had presented
a bill to Wiard, and said they wished they could hold
him, for them. There is also the testimony of Wiard,
that the boilers were delivered at his ship-yard. On the
other side is the statement that the defendant did not
disclose the name of Wiard, at the time of ordering the
boilers, and that the bill to Wiard was rendered at the
defendant's request.

We think the verdict of the jury was against the clear
weight of the testimony. Under such circumstances,
we think justice would be promoted by ordering a new
trial. In such cases, a new trial is granted only on pay-
ment of costs.

Judgment reversed, and new trial ordered on payment
of costs.

[First Department, General Term, at New York, May 5, 1873. *Ingraham*
and *Fancher*, Justices.]