## AUGUST WIES, ET AL., *against* CHARLES SULTZER, IMPLEADED WITH CONRAD KRAUS.

An agreement between the maker and the holders of a note extending the time of its payment without the consent of the indorser, discharges the indorser from the payment of the note, notwithstanding the fact that the agreement for the extension was usurious. The case disclosed an agreement whereby the holders of a note, in consideration of $50 to them paid by the maker, extended the time of its payment for fifteen days, without the consent of the indorser.

*Held*, that this agreement, although usurious, released the indorser from all liability on the note, because the holders cannot, by an allegation of their own turpitude, avoid a contract once executed. It is matter of defense to the borrower or his sureties, and is not available to the lender.

The plaintiffs, bankers, doing business under the firm name of Lassing, Wies & Co., loaned to one Kraus, the sum of $1,000, upon his note for that amount, indorsed by the defendant, Charles Sultzer. When the note became due, Sultzer was in Europe, and it was protested for non-payment. Kraus, the maker, and the plaintiffs, the holders, then made an agreement where-

by, in consideration of the sum of $50 paid them by Kraus, they extended the time for payment of the note, for fifteen days, without the consent or knowledge of Sultzer. The note not being paid at the expiration of the fifteen days, and Sultzer having returned from Europe, this action was commenced against him upon the note. The justice presiding at the trial held that the agreement to extend the time was usurious and void, and that there being, on account of the usury, no valid extension of time, the indorser was not discharged, and he thereupon directed the jury to find a verdict for the plaintiffs, for the amount claimed and interest; and, the jury having rendered a verdict in accordance with this direction, the defendant Sultzer, appealed from the judgment entered upon such verdict.

*G. F. & J. C. J. Langbein,* for appellant.

*Jacob A. Gross,* for respondents.

McADAM, J.—Judgment was entered against Sultzer, the indorser, who alone appeals, and the first question presented for consideration is whether the agreement alleged by him, if made, operated to discharge him from his obligations as indorser of the note in suit. That $50 was paid to Bernard, as the plaintiffs' agent, to induce an extension of the time to pay the note is undisputed, and the extension bargained for seems to have been granted. That, if legal, this extension, without the indorser's consent, operated to discharge him, there can be no doubt, and we will assume that the acts of Bernard were authorized by the plaintiffs, or we are met with the unanswerable objection, that the case presented evidence tending to establish such authority (folios 34, 60, 64, 71); which, taken in connection with the $50 check, with plaintiffs' indorsement at fol. 95, and with the other evidence in the case, required the submission to the jury of the ques-

tion, whether the $50 was paid by Bernard for his services, as suggested by the plaintiff's counsel, or to the plaintiffs through Bernard, as their agent, for the forbearance of the money (Thurston v. Cornell, 38 N. Y. 281). The justice refused to submit the case to the jury, and directed a verdict for the plaintiffs, on the authority of Vilas v. Jones, 1 N. Y. 274; Bank of Utica v. Ives, 17 Wend. 501, upon the theory that the agreement for extending the time was made in fact, but was usurious, and therefore void in law.

This leads us directly to the question whether this conclusion was right or wrong. If the money was paid to the plaintiffs, it was so paid for the forbearance of $600 for fifteen days, and this part of the transaction was therefore usurious. Did this usurious agreement between the maker and holders of the note operate as a valid extension of time, so as to discharge the indorser? I think it did, upon the ground that the plaintiffs cannot by an allegation of their own turpitude, avoid a contract once executed; it is a matter of defense to the borrower, or his sureties, or representatives, which they may waive if they see fit. The surety waived it, in the present case, by insisting on the extension as a legal obligation, yet the plaintiffs, though retaining the usury, succeeded, by alleging their own turpitude, in obtaining a verdict by which they recover the whole amount due on the note in addition to the usury retained. If the cases in 1 N. Y. 274, and 17 Wend. 501, relied on by the plaintiffs, assert or sustain such a doctrine, they have been overruled, in La Farge v. Herter, 9 N. Y. 241, and in Billington v. Wagoner, 33 Id. 31, wherein rulings were made which seem more consistent with the object of the statutes against usury, which were designed to prevent usury by punishing the party exacting it and making it a legal defense in favor of the party paying it; for, as was said in La Farge v. Herter, 9 N. Y. (at page 243): "The parties do not stand in

*pari delicto.* It is oppression on one side and submission on the other. The borrower, therefore, may set up usury for the purpose of avoiding a contract tainted with it, but the lender cannot." Under this view of the case, it is unnecessary to consider any of the other objections urged against the verdict. The direction to find for the plaintiffs was error for which a new trial must be awarded, with costs to abide the event.

Judgment reversed as to defendant Sultzer, and new trial ordered, costs to abide event.

SPAULDING and ALKER, JJ., concurred.

An obligation valid in its inception is not invalidated by an usurious agreement for the extension of the time of payment; but the sum paid on the agreement for forbearance will in equity be applied as payment (Real Estate Trust Co. *v.* Keech, 69 *N. Y.* 248. See also Bush *v.* Livingston, 2 *Cai. Cas.* 66; Pearsall *v.* Kingsland, 3 *Edw.* 195. S. P., Lovett *v.* Dimond, 4 *Id.* 22; Carson *v.* Ingalls, 33 *Barb.* 657; Lesley *v.* Johnson, 41 *Id.* 359; Williams *v.* Fitzhugh, 44 *Id.* 321; partly affirmed on other grounds in 37 *N. Y.* 444).