(3 Misc. Rep. 100.)

KUMMER v. CHRISTOPHER & EAST TENTH ST. R. CO.

(Common Pleas of New York City and County, General Term. March 14, 1893.)

1. APPEAL—RESETTLING ORDER OF REVERSAL.

An order reversing a judgment because the verdict was against the evidence should not be resettled by inserting a recital of the ground of reversal, as such a recital is not only unnecessary, but unauthorized.

2. SAME—COSTS OF FORMER TRIAL.

Where the record on appeal does not show that appellant protested against the submission of the case to the jury, an order of reversal, "with costs to abide the event," will be resettled so as to impose the payment of the costs of the former trial on the party against whom the verdict was rendered, as a condition of granting a new trial because the verdict was against the evidence.

Action by Charles Kummer against the Christopher & East Tenth Street Railroad Company. Plaintiff made a motion for resettlement of an order dated February 6, 1893, reversing a judgment for plaintiff entered on a verdict, and an order denying defendant's motion for a new trial on the minutes. Granted in part, and denied in part.

For decision on appeal, see 21 N. Y. Supp. 941.

Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

Jason Hinman, for appellant.
Herbert T. Ketcham, for respondent.

PER CURIAM. Our reversal of the judgment and order appealed from proceeded upon the ground that the verdict was contrary to the evidence, (see opinion, 21 N. Y. Supp. 941;) and the purport of respondent's present motion is to have the ground of reversal recited in the order entered upon our decision of the appeal. Such a recital is, however, not only unnecessary, (Goodwin v. Conklin, 85 N. Y. 21,) but also without authority, (Harris v. Burdett, 73 N. Y. 136,) and respondent's motion, in this respect, is denied.

The order of reversal should, however, be resettled by striking out the words, "with costs to abide the event," at the conclusion of the order, and inserting in lieu thereof the words, "upon condition that appellant shall within twenty days after service of this order, with notice of entry thereof, pay to the respondent, or his attorney of record, the costs and disbursements of the last trial, to be taxed on notice; and, if such costs and disbursements be not so paid, then respondent may apply, on proof by affidavit that the costs and disbursements remain unpaid, for an order affirming the judgment and order appealed from, with costs." It does not appear from the record of this appeal that appellant protested in any manner against the submission of the case to the jury, and for the omission so to do it has been the invariable, and is the settled, practice of the courts at general term to impose payment of the costs of the former trial upon the party against whom the verdict was rendered, as a condition of granting a new trial on the ground that the verdict is against the evidence, or the weight of the evidence, (Jackson v. Thurston, 3 Cow. 342; Bank v. Ives, 17 Wend. 501; Brown v. Bradshaw, 1 Duer, 192; Overing v. Russell, 28 How. Pr. 151; Bank v. Hoyt, 22 How. Pr. 478; North v. Sargent, 20 How. Pr. 519; Kelly v. Frazier, 27 Hun, 314; Bailey v. Park, 5 Hun, 41; Murphy v. Haswell, 65 Barb. 380; Wilson v. Lester, 64 Barb. 431; Ward v. Woodburn, 27 Barb. 346;) and there does not appear to be any sufficient reason for departure from that practice in the present instance.