NEW-YORK,
May, 1808.

Jarvis
v.
Hatheway.

If words, actionable in themselves, be spoken between members of the same church, in the course of their religious discipline, and without malice, no action will lie; and the jury are to decide whether there be malice or not. In actions of a penal or vindictive nature, the court will not grant a new trial merely because the verdict is against the weight of evidence, unless some rule of law has been violated.

## Jarvis *against* Hatheway.

THIS, was an action of *slander*. The cause was tried before Mr. Justice *Thompson*, at the *Oneida* circuit, on the 8th of *June*, 1807.

On the trial, the plaintiff proved, that the defendant, in the presence and hearing of *C.* and *D.* addressing himself to the plaintiff, said, " you are guilty of forgery," and, as stated by a second witness, " you are guilty of absolute forgery;" which were the words charged in the declaration.

On the cross-examination of the witnesses, it appeared, that the words were spoken at a meeting of the parties, before the witnesses, *C.* and *D.* who were two members of the same church to which the parties belonged, and were convened for the express purpose of taking " the *second step of labour in church discipline*, and were with the parties alone, and acting *under the rules of the church*, and in pursuance of the precept or rule contained in the 18th chapter of the evangelist *Matthew*," which was set forth by the defendant in his notice, annexed to the plea in the cause, to which plea was also annexed a notice of justification of the truth of the charge in the declaration. The defendant called no witness.

The judge charged the jury, that the words proved to have been spoken by the defendant, were of themselves actionable, but that they ought to be satisfied that they were spoken maliciously, or with a defamatory intent; that the circumstances under which the charge was made against the plaintiff, were proper to be taken into consideration, to determine the intention with which it was made. If it was made in the regular course of church discipline, and with an honest intention of examining whether the plaintiff was a fit member of the church, he was not, in his opinion, entitled to recover: But if the charge was unfounded, and made with an intention of injuring the feelings and reputation of the plaintiff, the

circumstances under which it was made, was an aggra-

vation of the slander. The jury found a verdict for the
defendant.

A motion was made by the plaintiff to set aside the
verdict, and for a new trial ;

1. For the misdirection of the judge.

2. Because the verdict was against evidence.

*Gold*, for the plaintiff. The words charged in the de-
claration, and proved, were absolute and unqualified.
No probable cause or justification as to the truth of them,
was offered or shown by the defendant. The offence
charged against the plaintiff, was not a breach of any of
the duties of imperfect obligation, but a crime for which
the laws have provided a very severe punishment. Courts
of justice ought not to countenance ecclesiastical assem-
blies in taking cognizance of such offences, and by thus
hushing them up, to prevent that due course of justice by
which the party might be effectually restrained from a
repetition of the crime. Where a person exhibits an
accusation against another, in the ordinary course of jus-
tice, before a court having jurisdiction of the offence
charged, no doubt an action will not lie; but if the of-
fence is not examinable before such tribunal, the party
may have his action. Thus in the case of *Buckley* v.
*Wood*, it was decided, that where the defendant exhibited
articles before the court of star chamber, against the
plaintiff, charging him with matters properly cognizable
there, and also with murder and piracy, which were not
examinable in that court, an action of slander would lie,
for as that court had no jurisdiction of murder or piracy,
the bill was not a proceeding in a court of justice.* In
the present case, there was no formal complaint or alle-
gation, no specific circumstances stated, which could
enable the plaintiff to meet or repel the charge. No
process was issued, nor was the matter brought before
any court known to our laws, or possessing a legal juris-
diction.

* 4 *Co.*14. See
also *Bac. Ab.
Slander*, (E.)

NEW-YORK,
May, 1808.

Jarvis
v.
Hatheway.

*Hatheway*, contra. In cases of this kind, the occasion of speaking the slanderous words, or the circumstances under which they are published, is always to be taken into consideration; and if there be clearly no malice, the jury may find for the defendant. They are the proper judges of the intent. For words published in the course of seeking a redress for grievances, before the proper persons to afford redress, no action lies. As where the deputy governor of *Greenwich Hospital*, in a book giving an account of the abuses of the hospital, reflected on Lord *Sandwich*, one of the officers, with great asperity, it was held that it was no libel.* Nor will an action lie for words, spoken conscientiously, or in confidence, without any malice, or evil intent.† [The counsel was here stopped by the court.]

* *Esp. Dig.*
506.

† *Buller's N. P.*
8, 9, 10. 1
*Wm. Black.*
386.

*Gold*, in reply. It is true, that for censures or words published by a member of a society, or sect, in relation to their rules and ordinances, and which relate merely to discipline, no action will lie; but this extends only to matters properly cognizable before such society, and in which the members only are concerned; not to crimes in which the whole community are interested. In all the cases cited, there was some good end, some purpose of morality or justice to be answered. But suppose the deputy governor of *Greenwich Hospital* had published that Lord *Sandwich* had been guilty of murder, would this not have been considered as malicious, and a libel? The jury, no doubt, are to decide whether there be malice or not; but unless they decide according to evidence, or there be proof that there was no malicious intent, their verdict ought not to stand.

SPENCER, J. delivered the opinion of the court. The plaintiff's counsel have considered the charge of the judge as incorrect, in leaving it to the jury to decide whether the words spoken, which were actionable in themselves, were spoken maliciously, or with a defamatory intention.

I am perfectly satisfied, that the charge to the jury was not only correct, but that no other charge could have

been legally given. It is manifest, from the case, that
the words were uttered in the course of church discipline,
by the defendant to the plaintiff, who were both church
members ; and whether such discipline was proper or not,
is not a point for us to determine. Every sect of chris-
tians are at liberty to adopt such proceedings for their
regulation as they see fit, not inconsistent with law, or
injurious to the rights of others. In actions of slander,
it is of the essence of the action, that the words be spo-
ken maliciously, and that, as a matter of fact, belongs to
the jury to determine.

If, however, the weight of evidence was against the
defendant, as to the maliciousness of the words, it would
be violating a salutary rule to grant a new trial. In penal
actions, in actions for a libel and for defamation, and
other actions vindictive in their nature, unless some rule
of law be violated, in the admission or rejection of evi-
dence,* or in the exposition of the law to the jury, or
there has been tampering with the jury, the court will not
give a second chance of success.

We are, therefore, of opinion, that the motion for a
new trial must be denied.

Rule refused.