ALBANY,
Jan. 1833.

Rundell
v.
Butler.

RUNDELL vs BUTLER.

In an action for a *libel*, where the jury find a verdict for the defendant, the court will not grant a new trial, although the verdict be against the weight of evidence, where the proof is such as would have warranted a verdict for the plaintiff for only *nominal damages*.

IT SEEMS, however, that in the case of an *aggravated libel*, where there are no mitigating circumstances, a verdict for the defendant would be set aside, as evidence of prejudice, partiality or corruption in the jury.

A party who agrees that his adversary may go into evidence inadmissible, if objected to, cannot afterwards complain of the reception of such evidence, or of other proof of the same character; having established a law of his own, he must be content to abide by it.

This was an action for a *libel* tried at the Greene circuit, in October 1830, before the Hon. JAMES VANDERPOEL, one of the circuit judges.

The libel consisted of some doggerel rhymes, which the plaintiff in his declaration alleged that the defendant had caused to be composed and published, with the intent to cause it to be believed that the plaintiff, *Reuben Rundell,* for the purpose of obtaining a larger portion of the estate of his father, had been guilty of proposing to his brother *Hardy,* to unite with him to *murder* their brother *Jehu,* and that Jehu had been murdered by the advice and procurement of the plaintiff. The defendant pleaded the general issue, without any notice of justification or other special matter. The publication of the libel was proved. The defendant offered to prove in *mitigation of damages,* that it was the *general report* that the facts contained in the verses declared on were as therein stated. The plaintiff's counsel objected to the testimony, but before a decision by the judge, waived the objection, and not only consented but challenged the defendant to prove, not only that it was the *general report* that the facts were as stated in the publication, but to prove the *truth of the facts.* On the defendant's counsel entering into proof of general report, the plaintiff's counsel demanded that they should specify the particular points to which they offered to give evidence of reputation, who then stated that they intended to prove by general reputation, that *Jehu*

Rundell had been so *cruelly and inhumanly treated and corrected by the plaintiff and Hardy Rundell, as to have caused his death.* To this evidence the counsel for the plaintiff objected, because it did not prove a deliberate contrivance by the plaintiff and Hardy Rundell to *murder* Jehu. The judge ruled that inasmuch as the plaintiff did not object to evidence of general reputation as to the truth of the facts declared on, and had consented that such evidence might be given, he would not exclude the testimony offered upon the ground assumed by the plaintiff's counsel, for the intent of the plaintiff in treating Jehu inhumanly and cruelly, if such treatment had caused his death, was a question entirely for the jury ; but that if the evidence did not fully come up to the charge, he would instruct the jury to lay it out of their consideration. A number of witnesses were then called and examined as to the treatment of *Jehu* by the plaintiff and his brother Hardy, and as to the general report respecting his death having been caused by their cruel and inhuman treatment. After which the plaintiff offered to prove by physicians who attended Jehu in his last sickness the cause of his death and that it was not occasioned by his having been beaten or ill used ; which evidence was rejected by the judge as inadmissible. The jury, under the charge of the judge, found a verdict for the defendant, which the plaintiff now moved to set aside, on the grounds that it was against the weight of evidence, and that the judge admitted improper and rejected proper testimony.

*A. L. Jordan & S. Sherwood*, for the plaintiff.

*J. Powers & B. F. Butler*, for the defendant.

*By the Court*, SAVAGE Ch. J.  The publication of the libel was proved, and I am inclined to think the verdict was against the weight of evidence ; but I do not deem it necessary to analyze the testimony, as it is not of course that a new trial should be granted in this case, although the verdict be against the weight of testimony. In *Jarvis* v. *Hatheway*, 3 *Johns. R.* 180, 3, it was held by this court, that in penal actions and actions for libel and defamation, a new trial will not be granted

ALBANY,
Jan. 1833.

Rundell
v.
Butler.

to the plaintiff, unless some rule of law has been violated in the admission or rejection of testimony, or in expounding the law to the jury, or unless there has been tampering with the jury. This rule was reiterated in *Hurtin* v. *Hopkins*, 9 *Johns R.* 37, where it is said that the cases where it has been applied were not very aggravated in their nature; and it was again recognized in the case *Ex parte Bailey*, 2 *Cowen.* 483, where it is stated perhaps rather too strongly, that in such cases a new trial is never granted. In this case now under consideration the charge is of an aggravated nature, and if it were fully sustained, and there were no mitigating circumstances, the verdict for the defendant might be considered as this court said in *Hurtin* v. *Hopkins*, evidence of prejudice, partiality or corruption.

The evidence of reports of the plaintiff's guilt could not have been received without the plaintiff's consent. The point had been expressly adjudicated by this court in *Matson* v. *Buck*, 5 *Cowen*, 499. The parties, however, chose to make a law of their own for this particular case, and by it they must abide. The defendant offered to prove in mitigation of damages, that it was the general report that the facts were as stated in the libel; this evidence was objected to, but before the court had decided the question the plaintiff's counsel waived the objection to the testimony, and challenged the defendant to prove such reports, and also the truth of the facts. This was perhaps somewhat qualified before any testimony on the point was in fact given. When the defendant's counsel proposed to prove the general report that Jehu's death was caused by the severe treatment of his brothers, it was objected that such evidence did not prove a deliberate contrivance to murder, which was charged in the libel, but the judge very properly remarked that he would not exclude the testimony, as the intent was proper for the jury to consider, and he might have added that the fact of combination might also be proved by circumstances. Assuming, therefore, what was conceded by the plaintiff's counsel, that reports were admissible, charging the plaintiff with the crime imputed in the libel, the evidence offered was proper. If a defence of this kind was admissible in mitigation, any reports of the same character were proper and would mitigate

in proportion as they approached a justification. The reports proved and the facts stated by the witnesses would not sustain a charge of murder, but they were such as would only have warranted a verdict for *nominal damages.* There was no error of the judge, therefore, in the admission of testimony under the law of the case as agreed by the parties ; nor was there any error in rejecting evidence of the real cause of the death of Jehu, for of that cause the defendant was not to be supposed to know any thing, except what he had learnt from report; and if the reports and the facts proved were of the character to justify the defendant or mitigate his malice, the fact offered to be proved by the physicians, ought not to enhance the damages, unless it had also been offered to be proved that the defendant knew that Jehu's death was not caused by the inhuman treatment of the plaintiff. The cause was fairly submitted to the jury, and the only error they committed, was returning a verdict for the defendant, instead of finding a verdict for the plaintiff, with nominal damages. A new trial ought not to be granted under such circumstances.

New trial denied.