Benson
v.
Moore.

BENSON *vs*. MOORE & BRUNDYDGE, Overseers of the poor of
Neversink.

A licence to a *tavern-keeper* does not authorize the sale of spirituous li-
quor as a *grocer*.

*It seems*, that a person having both a *tavern licence* and a *grocer's licence*,
cannot sell spirituous liquors in quantities less than five gallons, whether
to be drank *in the house* of such person or *elsewhere*, without subjecting
himself to a penalty.

ERROR from the Sullivan common pleas. The overseers
of the poor of Neversink sued Benson in a justice's court,
and claimed to recover a penalty of $25 for selling spiritu-
ous liquor as a *grocer*, without licence ; and proved the sale
of a gallon of rum at several times, to several persons, which
they took and carried away from the house of the defendant.
The defendant produced a licence as a *tavern-keeper*, author-
izing him to sell strong and spirituous liquors, to be drank
*at his dwelling-house*. The licence did not contain the de-
claration required by statute, 1 *R. S.* 680, §12, to be insert-
ed in licences granted to *grocers*, that such licence shall not
be deemed to authorize the sale of any liquor to be drank *in
the house, &c.* of the person receiving the licence. The jus-
tice rendered judgment against the overseers, who removed
the case into the Sullivan common pleas by *certiorari*, where
the justice's judgment was reversed. Benson thereupon sued
out a writ of error.

*P. F. Hunn*, for plaintiff in error.

*A. C. Niven*, for defendants in error.

*By the Court*, BRONSON, J. The only question in this case
is, whether a person who has obtained a licence to keep an
inn or tavern, has the right to sell spirituous liquor, by the
gallon, to be carried away and drank elsewhere, in the same
manner as though he had been licenced as a grocer. I think
he has no such right. The statute plainly provides for two

kinds of licences; the one to *inn-keepers*, and the other to *grocers*. The first gives the right to sell liquor " to be drank in their houses;" and the second, to sell liquor "*not* to be drank in their shops, out-houses, yards or gardens." § 4. The licences are different in form, and are granted under different circumstances, § 6, 7, 12, 13. The penalties for selling as a grocer, or as an inn-keeper, although they are the same in amount, are given by different sections. § 15, 16. The licence granted to Benson, in pursuance of the statute, was, in terms, a licence to sell liquor " to be drank *in* his dwelling-house," and did not confer authority to sell liquor to be drank *elsewhere*. The different sections taken together (§ 4, 15, 16,) contain a prohibition against selling ardent spirits in quantities less than five gallons, in any form or under any circumstances, without a licence. The statute then provides for two different kinds of licences; the one authorizing sales as an inn-keeper, and the other as a grocer. Benson is sued for selling *as a grocer*, and it turns out upon the proof that he has no licence to sell *in that manner*. He has consequently incurred the penalty which the law has imposed for that act.

When the 15th section is read in connection with the 12th, 13th and 16th, it will admit of no other construction than that of giving a penalty for selling *as a grocer*, " without having a licence therefor." He must have permission to sell in that particular manner; and it is in vain to say that this is included in a licence to do something else. .

I think it may be doubted whether a person who has both forms of licence, can, at the same time and place, be both an inn-keeper and a grocer. As an inn-keeper, he may sell liquor *to be drank in his house;* but before he can obtain a licence as a grocer, he must execute a bond to the people in the penal sum of $125, with a condition, among other things, that he will *not* sell any liquor to be drank in his house. But it is unnecessary to decide this point.

Judgment affirmed.