UTICA,
July, 1836.

Overseers of
the Poor of
Rochester.
v.
Lunt.

## The Overseers of the Poor of the city of Rochester vs. Lunt.

A *new trial* will not be granted in a *penal action,* where there is a verdict for the defendant, *merely because the verdict is against evidence ;* the court will not interfere, unless some irregularity or tampering with the jury is shown. Nor will the judgment of a justice be *reversed* under such circumstances, when the effect of the reversal will be a new trial.

Error from the Rochester mayor's court. The defendant was sued in a justice's court for selling *without licence* spirituous liquors, and permitting the same to be drank in his house, and a penalty of $25 claimed of him. The defendant pleaded the general issue. The cause was tried by a jury. The fact that the defendant sold spirituous liquor and that it was drank in his house was conclusively proved ; but it appeared that he uniformly resorted to some device to evade the law— as, for instance, when spirituous liquor was called for he would say he had no right to sell it, but he sold beer and cider ; and then he would place beer on the counter, at the same time placing upon it spirituous liquor, and pouring it out, and telling his customers to drink, who would accordingly drink and pay the ordinary price at dram shops. The jury, notwithstanding, found a verdict for the defendant. The overseers removed the cause into the mayor's court of Rochester by *certiorari,* where the judgment of the justice rendered on the verdict was *affirmed.* Whereupon the overseers sued out a writ of error.

*S. Boughton,* for plaintiffs in error.

*C. M. Lee,* for defendant in error, who cited the cases of *Comfort* v. *Thompson,* 10 *Johns. R.* 101, and *Baker & Wallis* v. *Richardson,* 1 *Cowen,* 77, to show that in actions for *penal-*

UTICA,
July, 1836.

Overseers of
the poor of
Rochester
v.
Lunt.

*ties*, where verdicts were found for the defendants, courts never interfered to set them aside.

*By the Court*, SAVAGE, Ch. J.   The cases referred to seem to establish the general rule that a *new trial* will not be granted in a *penal action* merely because the verdict is against evidence, if there has been no irregularity, nor tampering with the jury.   In *Seymour* v. *Day*, 2 *Strange*, 899, the action was for the penalty in killing a hare, not being qualified.   The jury found for the defendant, contrary to the direction of the judge, and the court refused a new trial, saying it had never been carried so far as a penal action.   So in *Mattison* v. *Allanson*, 2 *Strange*, 1238, the action was upon the statute against horse racing, and the jury found a verdict for the defendant, contrary to plain evidence.   The court refused a new trial, there being no proof of any misbehavior in the defendant, or tampering with the jury.   These cases were recognized in *Comfort* v. *Thompson*, 10 *Johns Rep.* 101, which was an action for a penalty for keeping a dog that had killed sheep: the court said, " The verdict is no doubt clearly against evidence; but this being an action for a penalty, a new trial is not granted on the ground that the verdict is contrary to evidence, provided the verdict be for the defendant and there is no irregularity.   The same doctrine was reiterated in *Baker* v. *Richardson*, 1 *Cowen*, 77, in an action upon the excise laws, where the defendant had sold five gallons of whiskey, and permitted the purchaser to take it away in small quantities as they pleased.   The court said the only question was whether the transaction was fair, or an evasion of the statute—that the question belonged to the jury, and the court would not in such case set aside the verdict.   These cases show that the rule is settled in analogy to criminal proceedings, and it is too late now to alter it by a decision of the court, though it must be conceded that the rule seems to have no foundation in reason or good sense.   It cannot, however, be found productive of great evil, unless there is either want of virtue or want of discernment in our jurors.   It is in vain that the legislature enact wholesome laws, if there is not virtue enough in the people to execute them.   It depends upon the

people of the city of Rochester to say whether the laws shall be enforced or violated with impunity in their city. So long as they elect constables who will select as jurors men who, disregarding their oaths, will find a verdict palpably against evidence, so long they must expect to see the laws openly violated—so long they will have grog shops at every corner, and drunkenness and vice will be the order of the day.

UTICA,
July, 1836.

Overseers of the Poor of Rochester.
v.
Lunt.

Judgment affirmed, with single costs.