## Lawyer *vs.* Smith.

An action on the statute, (1 *R. S.* 696, § 1,) giving treble damages to the party injured against one who negligently sets fire to his own woods, belongs to the class of actions in which the court will not set aside a verdict for the defendant on the sole ground that it is against evidence

Action on the case, tried at the Schoharie circuit, before Cushman, C. Judge, in October, 1843, when the jury found a verdict for the defendant. The plaintiff moves for a new trial on a case. The facts are sufficiently stated in the opinion of the court.

*S. Stevens*, for the plaintiff.

*D. Cady*, for the defendant.

*By the Court*, Bronson, Ch. J. This is an action on the statute concerning "the firing of woods," (1 *R. S.* 696, § 1,) which provides, that "every person negligently setting fire to his own woods, or negligently suffering a fire kindled upon his own wood or fallow land, to extend beyond his own land, shall forfeit *treble damages* to the party injured thereby." It is also made a misdemeanor, punishable by fine or imprisonment, or both, at the discretion of the court. No question of law arose on the trial. The cause was submitted to the jury under a proper charge from the judge, and they found a verdict for the defendant. The plaintiff moves for a new trial on the ground that the verdict is against evidence. In penal actions, when the verdict is for the defendant, new trials are not granted on the sole ground that the verdict is against evidence. (*Seymour v. Day*, 2 *Str.* 899; *Mattison v. Allanson, id.* 1238; *Comfort v. Thompson,* 10 *John. R.* 101; *Overseers of Poor v. Lunt,* 15 *Wend.* 565.) Actions for defamation and malicious prosecution are said to be penal in their nature; and they follow the same rule, unless the case be such as to furnish evidence of pre-

judice, partiality, or corruption on the part of the jury. (*Hurtin* v. *Hopkins*, 9 *John. R.* 36; *Jarvis* v. *Hathaway*, 3 *id.* 180; *Rundell* v. *Butler*, 10 *Wend.* 119.) This action is penal in its nature. Indeed, as to two-thirds of the recovery, if the plaintiff succeeds, it is wholly penal. If a verdict for the defendant should ever be set aside as against evidence in such an action, it should at the least be as strong a case against the jury as where their verdicts may be set aside in actions for defamation. This is not such a case. It was a fair question for the jury upon the evidence whether the defendant was chargeable with negligence; and although upon that point the verdict might well have been for the plaintiff, it was not so plain a case as to show either prejudice or partiality—much less corruption—on the part of the jury. I see no sufficient reason for disturbing the verdict.

New trial denied.