## SUPREME COURT.

### OSMER B. WHEELER and others, Commissioners of Excise, agt. EDWARD M. CALKINS.

The court will not grant *new trials* for errors of judgment in the jury in weighing the evidence, in penal actions and those of a kindred character, where the verdict is for the defendant.

So *held* in this case, where the action was for a violation of the excise law of 1857, and the jury rendered a verdict for the defendant, as it seems, directly against the evidence.

*Albany General Term, March,* 1859.

HARRIS, GOULD *and* HOGEBOOM, *Justices.*

THIS is an appeal by the plaintiffs from a judgment rendered in favor of the defendant by a justice of the peace of Sullivan county, and certified to this court by the county

judge of that county, on account of his affinity to one of the appellants. The action was to recover two penalties of $50 each, for a violation of the excise law of 1857, in selling strong and spirituous liquors and wines in quantities less than five gallons at a time without having a license therefor, the same being alleged to have been sold not to be drank in the defendant's inn, tavern or hotel. The defendant had a tavern keeper's (but not a grocer's) license, which allowed him to sell liquors and wines to be drank in his inn, tavern or hotel. The plaintiffs proved repeated sales of liquors by defendant to different persons, in one case half a gallon, in another a pint of brandy, in another a pint of rum, in another a pint of whisky, all of which was taken out of the defendant's house and drank out of the same. The cause being submitted to the jury, they returned a verdict of "no cause of action," on which the justice rendered a judgment for defendant, with $5 costs, and the plaintiffs appealed.

W. J. GROO, *for plaintiffs.*
I. ANDERSON, *for defendant.*

By the court—HOGEBOOM, Justice. The evidence of a violation of the statute is very decided—almost irresistible. Everything was positively proved, except the defendant's intent that the liquor sold should be drank out of his house, and as to that, the circumstances showing such intent were so strong that it is difficult to see how the jury could have come to a conclusion favorable to the defendant. Nevertheless they have done so, and the sole question is, whether, this being a penal action, and the verdict being for the defendant, the court will interfere simply upon the ground that the verdict is against the weight of evidence. No rule of law seems to have been violated. It is not pretended that the defendant's license authorized sales of liquor to be drank off from the premises, nor would such a pretence, if made, have been sustainable. (*Moore* agt. *Benson*, 15 *Wend.* 260.) But the difficulty in the plaintiff's case consists in the rule adopted

by the courts, and seemingly well established and uniformly acted on, not to grant new trials for errors of judgment in the jury in weighing the evidence in penal actions and those of a kindred character, where the verdict is for the defendant. The rule has become firmly fixed and has been repeatedly recognized by this court. (*Seymour* agt. *Day*, 2 *Strange*, 899; *Mattison* agt. *Allanson*, 2 *Strange*, 1238; *Comfort* agt. *Thompson*, 10 *Johns.* 101; *Baker* agt. *Richardson*, 1 *Cowen*, 77; *Jarvis* agt. *Hathaway*, 3 *Johns.* 180; *Hurten* agt. *Hopkins*, 9 *Johns.* 36; *Rundell* agt. *Buller*, 10 *Wend.* 119; *Overseers of the Poor of Rochester* agt. *Lunt*, 15 *Wend.* 565; *Mansfield* agt. *Wheeler*, 23 *Wend.* 79; *Lawyer* agt. *Smith*, 1 *Den.* 207.) The cases are so numerous that I am unwilling to disturb them, and as there is no allegation of tampering with, or misconduct of the jury, I am of opinion that the judgment should be *affirmed*.