# SUPREME COURT.

CATHARINE DECKER agt. PETER A. STAURING.

*New trial in penal actions — when will not be granted — Action under civil damage act — Laws of 1873, chapter 646.*

In penal actions, and those of a kindred character, the court will not grant a *new trial* or disturb a verdict of a jury, unless some misdirection has been given or error of law committed. For errors of judgment in the jury, in weighing the evidence, where the verdict is for the defendant, the court will not grant a *new trial.*

So *held* in this case, where the action was brought by a wife to recover damages under chapter 646, Laws of 1873, known as the civil damage act, for alleged injury to her "means of support," by the intoxication of her husband. ·

Whether she received such injury to her "means of support," is a question for the jury, and their finding on such question will not be disturbed except for some misdirection or error of law.

*Herkimer Circuit, April,* 1879.

THIS action was brought to recover damages under chapter 646, Laws of 1873, known as the civil damage act. It was tried before a jury, and verdict rendered for defendant. The plaintiff moves for a new trial, and predicates her motion upon the minutes of the court. The plaintiff concedes that the verdict upon the second count of the complaint cannot be disturbed, as there was a conflict of the evidence, and the case was upon that branch conclusively determined by the jury.

*Amos H. Prescott,* for plaintiff, for motion.

*A. M. Mills,* for defendant, opposed.

HARDIN, *J.*— The learned counsel for the plaintiff properly states the rule which pervades upon such motions (*Townsend Manf'g. Co.* agt. *Foster,* 51 *Barb.,* 346; *affirmed,* 41 *N. Y.,* 620).

The evidence in this case which related to the first count of the complaint, which is now urged upon the court, was to the effect that plaintiff's late husband was accustomed to frequent the defendant's place of business and to drink intoxicating liquors and return to his home late, and cross and ill-natured at times. He was a laborer for the railroad company and earned about thirty-six dollars per month, and had an account with defendant and made purchases on credit; and the evidence tended to establish that the deceased had liquors charged which he consumed. After such charges were made the *plaintiff* made payments of said amounts and had some knowledge of the items charged and paid for by her out of her husband's earnings. Can she now recover? Was she not a consenting party to the wrong, if any was done her?

By chapter 646 of Laws of 1873 a right of action is given to a wife if she is "injured in person," "or property," "or means of support by any intoxicated person or in consequence of the intoxication    *    *    *    *    "

(1.) It cannot be claimed, nor was it upon the argument of this motion, that the plaintiff was "injured in her person." (2.) Nor in her "property," none such was shown, nor any injury to her property. (3.) But it is insisted that she was injured in her "means of support," by the intoxication of her husband.

Whether she received such injury to her "means of support" was a question for the jury to consider. It was submitted to them and they have found, as their verdict discloses, that she was not so injured. That question was appropriate for the jury. If there was stronger evidence tending to support plaintiff's *alleged injury* than is found in this case, still the question would be one eminently belonging to the province of the jury.

The action is one founded upon the statute and in its nature penal. In such cases it is the early established rule of the court not to disturb a verdict unless some misdirection has been given or error of law committed (*Wheeler* agt. *Calkins,*

17 *How.*, 451 *and cases there cited; Overseers of Poor of Rochester* agt. *Lunt,* 15 *Wend.*, 565 ; *Comfort* agt. *Thompson,* 10 *John.*, 101 ; *Lawyer* agt. *Smith,* 1 *Denio,* 207 ; 22 *Barb.*, 528).

The case was carefully submitted to the jury and no errors of law are found in the progress of the trial, nor in the course of the directions to the jury, and their verdict, according to the well-settled rule of law adverted to, cannot be disturbed. Therefore, the motion for a new trial upon the minutes must be denied. Neither side has cited any case in point under this civil damage act, and the point made here may be said to be new and, therefore, the motion is denied without costs to either party.