THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. FRANK McMASTERS, Respondent

*Violation of Game Laws — what is sufficient evidence of possession of and intention to keep fish.*

Upon the trial of an action brought to recover a penalty because of the defendant's alleged violation of the Game Laws, the defendant testified that he was trolling for fish, and while so trolling his line caught in something, and when he pulled it in he found that it was caught in a net; that he pulled the net and the fish contained therein into his boat and started for shore; that when he reached the shore he saw a game constable, who asked him what he was going to do with the net, to which he replied that he was going to destroy it; that the game constable said that he (the constable) was going to destroy it for he got paid for that. The constable then destroyed the net and threw the fish back into the water. The defendant said to him, "You are very hoggish; why don't you leave some for me to cook?" From the point where the defendant found the net to the place where he landed was about 100 yards.

*Held*, that there could be no inference drawn from the defendant's testimony except that he intended to keep the fish, and that he knowingly had in his possession fish caught in a net. (PUTNAM, J., dissenting.)

APPEAL by the plaintiff, The People of the State of New York, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Clinton on the 25th day of April, 1893, upon the verdict of a jury rendered at the Clinton County Circuit, with notice of an intention to bring up for review on such appeal an order entered in said clerk's office on the 5th day of April, 1893, denying the plaintiff's motion for a new trial made upon the minutes.

*Wilmer H. Dunn*, for the appellant.

*R. Corbin*, for the respondent.

HERRICK, J.:

This is an appeal from a judgment entered upon the verdict of the jury in favor of the defendant, and against the plaintiff, and from an order denying the motion to set aside such verdict. The action is brought to recover a penalty for violation of the Game Laws of the State, and for the purpose of this appeal it is sufficient to take the

defendant's version of the transaction. His statement is, that he was trolling for fish, and while so trolling his line got hitched or caught in something, and when he pulled it in he found that it was a net; that he pulled the net and the fish contained in it into his boat and started for the shore; that when he reached the shore he saw a game constable, who asked him what he was going to do with the net, to which the defendant replied that he was going to destroy it; then the game constable said that he was going to destroy it, for he got paid for that; the constable then took the net and cut it up, and threw the fish back into the water. That the defendant asked him to give him a few, saying, " You are very hoggish; why don't you leave some for me to cook ?"

The distance from the point where the defendant found the net to the place where he landed was about 100 yards. The statute prohibiting the taking of fish in any manner or device except angling reads as follows : " Fish taken contrary to the provisions of this section shall not be knowingly possessed." (§ 102, chap. 488, Laws of 1892.) There is no pretense but that the taking of fish in a net is contrary to the statute. There is no question, from the defendant's own evidence, but that he had in his possession fish caught in the net, and there is no question but that he knowingly had them.

I can see no inference that can be drawn from the testimony other than that he intended to keep the fish. He went 100 yards to shore with them in his possession, complained to the game constable because he threw them back into the water instead of offering some of them to him, the defendant, to cook.

It may seem rather harsh to hold a person liable for having fish in his possession, taken under the circumstances that the defendant claims these were; on the other hand, it is very plain to be seen that a story of the kind here told may be a device to escape the penalty of the law.

But, whether harsh or not, it is the law, and the law in question, if it is to be of any benefit, must be strictly construed, and jurors are not at liberty to disregard it because they think that in any particular case it is harsh, and the penalty heavy for the offense committed; they are not at liberty to disregard the evidence. In this case the evidence of the defendant himself shows a violation of the

law. Therefore, judgment should be reversed and a new trial ordered, costs to abide the event.

MAYHAM, P. J., concurred.

PUTNAM, J. (dissenting):

Defendant did not catch the fish in question. He found them in a net placed by another party. He proceeded to take the net with the fish in it to the shore. While they were being so conveyed, I think the fish were not in possession of defendant within the meaning of the statute, unless he intended to keep them. It is not clear that he so intended. The presumption is against such an intent. I think the question of his intent, under the circumstances of the case, was one of fact for the jury, and hence that the trial judge properly disposed of the case.

Judgment reversed and new trial granted, costs to abide the event.