THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. JAMES H. BEAN, Respondent.

*Verdict — set aside for perjury — witness hostile to the side calling him — effect upon the question whether a case is made for the jury.*

A verdict which has been obtained by means of perjury will not be permitted to stand.

The fact that a witness called by the plaintiff is hostile to the plaintiff, and that his testimony is evidently false, will be considered in determining whether a sufficient case has been presented for the consideration of the jury.

APPEAL by the plaintiff, The People of the State of New York, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Franklin on the 22d day of October, 1894, upon the verdict of a jury rendered after a trial at the Franklin Circuit, and also from an order entered in said clerk's office on the 19th day of October, 1894, denying the plaintiff's motion for a new trial made upon the minutes.

The action was brought to recover a penalty of $100 for an alleged violation of section 1, chapter 534 of the Laws of 1879, known as the Game Law. The complaint charged that the defendant had venison in his possession on the 2d day of January, 1892, contrary to the statute.

*William P. Cantwell*, for the appellant.

*Samuel A. Beman* and *Chas. A. Burke*, for the respondent.

HERRICK, J.:

Where the court can see that a verdict has been obtained by transparent perjury I do not think it should permit such verdict to stand.

It is true that in this case it is extremely doubtful whether upon the plaintiffs' own case there was sufficient evidence to warrant a verdict in their favor, yet I am inclined to think, as did the trial court, that there was some slight evidence upon which the jury might find the nature of the article in question.

The weakness of the plaintiffs' case arises from the palpable perjury of the witness Miller. The fact that he was a hostile witness, although sworn on behalf of the plaintiffs, and the evident falsity of his testimony, might well be taken into consideration in weighing those portions of his evidence which slightly tend to prove the plaintiffs' case.

The equally palpable perjury of Perkins, the only witness sworn for the defendant, exclusive of the defendant himself, rather gives weight to, than detracts from, the slight case made by the plaintiffs' evidence. A judgment founded upon such evidence should not be permitted to stand. The plaintiffs should be given, if they so elect, another opportunity to establish their cause of action, and the witnesses a chance to repent and tell the truth, if that be possible.

The judgment should be reversed and a new trial granted, costs to abide the event.

MAYHAM, P. J., concurred in result; PUTNAM, J., not acting.

Judgment reversed and a new trial granted, costs to abide the event.