(30 App. Div. 94.)

PEOPLE v. GLASGOW.

(Supreme Court, Appellate Division, Third Department. May 4, 1898.)

1. NEW TRIAL—ACTION TO RECOVER PENALTY.

Code Civ. Proc. § 999, provides that a trial judge may entertain a motion for, and grant, a new trial upon his minutes, where the verdict is contrary to the evidence. *Held,* that the right to grant a new trial was not limited to any particular class of actions, and that a trial judge had the right to grant a new trial in an action to recover a penalty, where a verdict in favor of defendant is against the weight of the evidence.

2. APPEAL—REVIEW—RECORD.

Where two causes of action are alleged in a complaint,—one upon a penalty, and the other upon which damages not penal in character might have been assessed,—an order granting a new trial because a verdict for defendant is not supported by the evidence will not be set aside on appeal, where the record does not contain the evidence given upon the trial.

3. SAME—GRANT OF NEW TRIAL.

An order sustaining a motion for a new trial will not be set aside because the wrong ground upon which it is based is stated therein, where a good ground is stated in the case, and where, because of want of evidence in the record, the court cannot determine whether the other ground is valid or not.

4. SAME—CONDITIONS.

Where a new trial is granted because the verdict is against the evidence, the terms to be imposed in the matter of costs are within the discretion of the court; and the grant of a new trial, without costs, will not be held error where the record does not contain the evidence.

Landon, J., dissenting.

Appeal from trial term, Fulton county.

Action by the people of the state of New York against Ralph Glasgow to recover a penalty for waste on public lands. Verdict for defendant. From an order granting plaintiff a new trial on the minutes, defendant appeals. Affirmed.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

N. H. Anibal, for appellant.

T. E. Hancock, Atty. Gen., and J. Newton Fiero, for the People.

MERWIN, J. This action was brought pursuant to section 112 of chapter 332 of the Laws of 1893, and section 280 of chapter 395 of the Laws of 1895. In the complaint two causes of action are stated: The first is for penalties for unlawfully cutting and carrying away trees growing upon lands in the forest preserve owned by the state. In the second cause of action it is alleged that the defendant wrongfully and unlawfully cut and removed from the same premises, and converted to his own use, 400 trees, the property of the plaintiff, of the value of $5 each, whereby the plaintiff lost the trees and timber, and the defendant committed waste upon the lands, and became liable to pay treble damages. In the answer of the defendant there is a general denial, and also an allegation of ownership by the defendant of the lands and trees. At the trial there was a verdict for the defendant. A motion was then made by the plaintiff, upon the minutes, for a new trial, and granted. The motion was made upon the grounds, as stated in the order, that the

verdict was against the weight of evidence, and contrary to law; and the order states that the motion was granted upon the ground that the verdict was against the weight of evidence. None of the evidence given upon the trial is in the record before us. There is in the record a statement "that the defendant does not intend, upon this appeal, to raise any question concerning the evidence, or its weight." The defendant claims (1) that the court had no right to set aside the verdict; and (2) that, if it had, it should not have been done except upon the payment of costs. No costs were awarded to either party by the order.

1. The argument is that, in an action for a penalty, the court had no jurisdiction or right to set aside a verdict for the defendant, and that such is the settled rule. Prior to the Code, it was quite uniformly held that, in actions for a penalty, a verdict for the defendant would not be set aside merely on the ground that it was against evidence. Lawyer v. Smith, 1 Denio, 207, and cases cited. And the rule was extended to actions for libel and slander, and other actions vindictive in their nature. Jarvis v. Hatheway, 3 Johns. 180. In Crafts v. Plumb, 11 Wend. 143, it was said that the rule would be applied "unless the verdict was clearly against the evidence." In Overseers of the Poor v. Lunt, 15 Wend. 565, it was said that the rule was settled, "though it must be conceded that the rule seems to have no foundation in reason or good sense." In Lawyer v. Smith, supra, it was said, in substance, that, if a verdict for the defendant in a penal action should ever be set aside as against evidence, the case should be such as to furnish evidence of prejudice, partiality, or corruption on the part of the jury. In Wheeler v. Calkins (decided in 1859) 17 How. Prac. 451, the court refused to set aside a verdict for the defendant in an action for a penalty for a violation of the excise law, though it was against the evidence; it being said that the rule was seemingly well established, and uniformly acted on, not to grant new trials in such cases. The same rule was recognized in Decker v. Stauring (decided in 1879) 57 How. Prac. 495. In People v. McMasters, 74 Hun, 226, 26 N. Y. Supp. 221, a new trial was in fact granted on the ground that the verdict was against the evidence, though the action was for a penalty, and the verdict was for the defendant. The same was done in the like case of People v. Bean, 88 Hun, 520, 34 N. Y. Supp. 973. The right of the court to so act does not seem to have been questioned. Nor was it in Ferguson v. Gill, 74 Hun, 566, 26 N. Y. Supp. 596, which was an action penal in its character. The action for a penalty is a civil action. City of Buffalo v. Schliefer, 25 Hun, 275; People v. Rouse (Sup.) 15 N. Y. Supp. 414. And the proceedings therein are the same as in an action by a private person, except as otherwise provided by law. Code, § 1984. The right given to the trial judge, by section 999 of the Code, to entertain motions for new trials upon the ground in question, is not limited to any particular classes of actions. He can therefore entertain such a motion in any case, and his right to grant such a motion in any case would seem to follow in case the verdict was in fact, in his judgment, against the evidence. Such motions depend in a great degree upon the pe-

culiar circumstances of each case, and the test is whether substantial justice has been done. Barrett v. Railroad Co., 45 N. Y. 628, 632. In 3 Grah. & W. New Trials, p. 1355, after a consideration of many cases it is said:

"Courts, however, will not deny to the plaintiff a new trial, even in penal actions, unless it be consistent with the conscience, justice, and equity of the case to do so. The defendant can ask nothing in the premises as a right. He only has a claim on the discretion of the court, and this discretion should be watched with jealous care. If a jury were allowed a latitude so large as to render a verdict in any case without evidence, or contrary to the clear and manifest uncontradicted proof, it would be greatly liable to abuse, even with all the vigilance of the court exerted to confine it to cases where the verdict was consistent with conscience, justice, and equity."

This, as it seems to me, presents an appropriate rule for cases like the present, and one more adapted to the present administration of the law than the inflexible rule laid down in the earlier cases. If this rule is applied to the present case, we cannot, in the absence of the evidence, say that the new trial was not properly granted.

There are some other features of the present case to be considered. The second cause of action is for damages to real property, and apparently the provisions of sections 1667 and 1668 of the Code are applicable. For aught that appears, the case may have been such, upon the evidence, that the plaintiff should have had a verdict for single damages only, and for failure of the jury to render such a verdict the new trial may have been granted. In such a verdict there would have been no penal element, and the rule claimed as to penal actions would not apply. In the absence of the evidence, we cannot say that such was not the situation.

One of the grounds upon which the motion for a new trial was made was that the verdict was contrary to law. If, upon the case as it stood, this ground was tenable, should the order be reversed because stating a wrong ground? Ferguson v. Gill, supra. A nonsuit may be upheld, though placed upon a wrong ground, if a good ground appears in the case. Allard v. Greasert, 61 N. Y. 1, 4. We cannot say, in the absence of the evidence, that the verdict was not contrary to law. In Tate v. McCormick, 23 Hun, 218, it was held that when a motion for a new trial was made upon the ground that the verdict was contrary to law, and an appeal taken from the order denying it, the whole case is before the appellate court upon the law as well as the facts. See, also, Robson v. Railroad Co., 21 Hun, 387; Throop, Code, § 999, notes. As the case stands, it should not be said that the trial court had no right or power to grant a new trial.

2. There is no doubt that, if a new trial is granted upon the ground solely that the verdict is against the weight of evidence, the terms to be imposed in the matter of costs are in the discretion of the court. That being so, it would, I think, logically follow that each case must depend upon its own circumstances, and that no fixed rule could properly be adopted to apply alike to each case. The causes that produce such verdicts are varied, and it sometimes happens that the party obtaining the verdict is not without blame, and should

not be rewarded with costs when it is set aside. Many cases are cited where it has been held that the payment of the costs of the trial should be imposed as a condition. In some cases it is intimated that there may be exceptions to the general rule. Mahar v. Simmons, 47 Hun, 479; McGowan v. Zenner, 24 Wkly. Dig. 80. In some cases the rule is not followed, no question seeming to be raised about it. In 2 Rum. Prac. 423, it is suggested that the rule may be different in a very peculiar case. It is largely a matter of practice, and in this court, in this department, it has been considered the better way not to adopt a fixed rule, but to allow each case to be determined upon its own circumstances. In the present case, in the absence of the evidence, and therefore knowing nothing of the circumstances of the trial, or whether the order might be sustainable upon the other ground taken on the motion, we are not prepared to say that the trial court erred in not imposing costs. The order should therefore be affirmed.

Order affirmed, with costs. All concur, except LANDON, J., dissenting in opinion.

LANDON, J. I dissent. Two causes of action being united,— one for a penalty, and the other for a trespass,—and a general verdict thereupon for the defendant, it follows that if the verdict be set aside, and a new trial granted, the defendant will be put in jeopardy a second time in respect of the penalty; that is, "for the same offense." All violations of prohibitive statutes are offenses, of which crimes (that is, felonies and misdemeanors, punishable upon conviction) constitute one class, and violations not so punishable, or otherwise punishable, another class. The state constitution of 1821 reads: "No person shall be subject for the same offense to be twice put in jeopardy of life or limb." Article 7, § 7. The constitution of the United States uses the same words. But since 1846 the provision in the state constitution has read thus: "No person shall be subject to be twice put in jeopardy for the same offense." Hence I think we should not depart from the long line of older decisions thus sanctioned by constitutional amendment, refusing, in penal actions, to set aside a verdict for the defendant. The people prosecuted this defendant for an alleged offense; the people, by their jury, have absolved him; and I advise that he go hence without delay.