stations and freight yards, and I think for the same reason it would be improper to strike these allegations out. While it may be doubtful whether these allegations are at all material and can aid the plaintiff, I think they should be left in the complaint, so as to enable the plaintiff to raise the question as to their effect upon the trial, rather than to decide them now upon motion.

The court also struck out the allegation of the passage of several ordinances of the common council, under which the plaintiff claims that it was authorized to construct and maintain these tracks and structures. I do not think the court was justified in striking out these allegations. Whether or not any of these ordinances can benefit the plaintiff is a question which we do not decide, and that question can be settled by the court upon the trial; but the plaintiff is at least entitled to plead these ordinances, and claim upon the trial that in connection with other ordinances which are pleaded and which are retained in the complaint the municipal authorities have given unlimited and unrestricted permission to retain these tracks. To have the benefit of these ordinances at the trial, it is necessary that the plaintiff should allege and prove them, and I can see no harm in allowing them to remain in the complaint, so that the court on the trial can determine what, if any, effect should be given them.

I think that the order appealed from should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs.

McLAUGHLIN, CLARKE, and HOUGHTON, JJ., concur.

SCOTT, J. (dissenting). In my opinion the matter stricken out had no proper place in the complaint. It is true that much more latitude is allowed to a pleader in an equity suit, than in an action at law. But even in equity there are certain rules to be observed, and clearly irrelevant matter has no place. The sole question in the case is whether or not the city's consent to the occupation of its streets by the Hudson River Railroad Company is still operative and available to the present plaintiff. The matter stricken out by the order appealed from is clearly irrelevant to any issue tendered by the complaint. Some of the allegations might be relevant upon an application for an injunction pendente lite, to preserve the status quo until the determination of the action, but can have no bearing upon the right of the plaintiff to a final judgment.

The order should be affirmed.

---

ROTHENBERG v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Division, First Department. December 17, 1909.)

1. APPEAL AND ERROR (§ 876*)—QUESTIONS REVIEWABLE.

An appeal from an order denying a motion to resettle an order setting aside a verdict and granting a new trial raises no question under the original order.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3552; Dec. Dig. § 876.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. NEW TRIAL (§ 161*)—COSTS.

　　The court, setting aside a verdict, under Code Civ. Proc. § 999, as against the weight of the evidence, should not require the payment of costs as a condition for relief, though, when an erroneous verdict has been caused by the fault, mistake, omission, or improper conduct of the party complaining, the imposition of costs may be justified.

　　[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 322, 323; Dec. Dig. § 161.*]

Appeal from Trial Term, New York County.

Action by Rosie Rothenberg against the Brooklyn Heights Railroad Company. From an order denying a motion to resettle an order which set aside a verdict and granted a new trial, plaintiff appeals. Dismissed.

Argued before INGRAHAM, LAUGHLIN, CLARKE, HOUGHTON, and SCOTT, JJ.

Epstein Bros. (Jesse S. Epstein, of counsel), for appellant.
George D. Yeomans (D. A. Marsh, of counsel), for respondent.

CLARKE, J. This was a negligence action, and resulted in a verdict in favor of the plaintiff. The learned trial court set aside the verdict and granted a new trial, on the ground that the verdict was against the weight of evidence. Thereafter plaintiff's counsel made a motion for an order resettling said order by inserting a provision therein to the effect that as a condition for the granting of a new trial the defendant pay to the plaintiff's attorneys the costs to date and in default thereof the verdict of the jury be reinstated. Said motion was denied by an order entered on October 11, 1909. This appeal is taken from said order denying the motion for resettlement of the original order.

As no appeal is taken from the original order, the appeal from the order denying a motion to resettle raises no questions under the original order. As the question sought to be raised is, however, an important question of practice, about which there has been diversity of opinion, we have concluded to express our views for the guidance of the several trial terms in this department. The question, broadly stated, is whether, when a verdict is set aside, under the provisions of section 999 of the Code of Civil Procedure, for excessive or inadequate damages, or as against the weight of evidence—that is, for a mistake of the jury—the party who has obtained the verdict is entitled as matter of right to be paid the costs by his adversary as a condition to the granting of the motion made by that adversary to set aside the verdict.

In Brown v. Foster, 1 App. Div. 578, 37 N. Y. Supp. 502, where a verdict had been set aside as inadequate, the Appellate Division in the First department said:

　　"When a new trial is granted for error of the jury, costs of the former trial should be imposed upon the party asking for it as a condition of granting the favor. Bailey v. Park, 5 Hun, 41; O'Shea v. McLear, 48 Hun, 619, 1 N. Y. Supp. 407."

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

In Silverman v. Dry Dock, East Broadway & Battery Railway Co., 69 App. Div. 22, 74 N. Y. Supp. 481, where a verdict for the plaintiff has been set aside as. against the weight of evidence, the Appellate Division'in the First department said:

"The order, however is erroneous, in that payment of the costs of the trial should have been imposed upon the defendant."

And it modified the order accordingly.

In Helgers v. Staten Island Midland R. R. Co., 69 App. Div. 570, 75 N. Y. Supp. 34, where a verdict had been set aside as against the weight of evidence and as excessive, the Appellate Division in the Second department. said, citing Brown v. Foster, supra:

"We have had frequent occasion to correct the violation of this rule, among recent instances being Fawdrey v. Brooklyn Heights R. R. Co., 64 App. Div. 418, 72 N. Y. Supp. 283, Cohen v. Brooklyn Heights R. R. Co., 66 App. Div. 613, 73 N. Y. Supp. 1132, Harrington v. Brooklyn Heights R. R. Co., 66 App. Div. 613, 73 N. Y. Supp. 1136, and Curry v. New York & Queens R. R. Co., 66 App. Div. 614, 73 N. Y. Supp. 1132. In accordance with the authorities of these cases and the long-settled practice of the Supreme Court, the order must be modified, by inserting a provision requiring the defendant to pay the costs of the trial and all disbursements in the action to date."

In the Third department, on the contrary, the rule has been established that a party should not invariably be charged with costs as a condition to the granting of such a motion, but that the matter rested in the sound discretion of the trial court. People v. Glasgow, 30 App. Div. 97, 52 N. Y. Supp. 24; Lashaway v. Young, 76 App. Div. 177, 78 N. Y. Supp. 366.

In the Fourth department, in Waltz v. Utica & Mohawk Valley R. R. Co., 116 App. Div. 563, 101 N. Y. Supp. 968, Mr, Presiding Justice McLennan said:

"The only question presented by this appeal is whether or not a defendant is entitled to costs absolutely as matter of law, where, upon plaintiff's motion, a verdict in his favor is set aside and a new trial granted upon the ground that the amount of damages awarded by the jury is insufficient. * * * If it be assumed that the inadequacy of the verdict resulted solely from the error, mistake, or misconduct of the jury, we are unable to see how or why the party moving for the new trial should be punished because of an injustice done him without fault on his part. * * * We appreciate that the practice is not uniform in the different departments of the state; but after a careful examination of the adjudicated cases and consideration of the reasons urged in support of appellant's contention, we are constrained to adhere to the rule adopted in this department that in setting aside a verdict and granting a new trial, under section 999 of the Code of Civil Procedure, because the verdict is for excessive or insufficient damages, the trial court is not required, as matter of law, to award costs absolutely against the complaining party, but that the question as to payment of costs in such case is within the discretion of the trial court, subject, of course, to review by this court, and that where it does not appear that the erroneous verdict resulted from the fault or mistake of the aggrieved party, the discretion of the trial court, exercised as in the case at bar, will not be disturbed."

In Cohen v. Krulewitch, 77 App. Div. 126, 78 N. Y. Supp. 1044, Mr. Justice Ingraham, writing for this court, said:

"Where a motion is made to set aside a verdict upon the ground that the plaintiff has failed to prove his case, there is no rule that requires that costs should be imposed as a condition of granting a new trial. In such a case a new

trial is not granted as a matter of discretion, but as a matter of right; and we do not think the court would then be justified in imposing costs as a condition for granting a new trial. While it is proper for the court to impose costs upon granting a new trial, where there was a 'proper case for the submission to the jury, but where from such reason the court is satisfied that the verdict was not a fair determination of the question submitted to them, or that justice requires that the case should be submitted to another jury, this is not such a case."

It should be said that, although the decisions hereinbefore cited in this department have not been followed by this court for a number of years, they have not been formally overruled. Upon a thorough reexamination of this question in the light of the decided cases, we think that the rule as established by the Appellate Division in the Third and Fourth departments should be adopted in this department as formulated by the Presiding Justice of the Fourth department in Waltz v. Utica & Mohawk Valley R. R. Co., supra. There may be cases where the erroneous verdict has been caused by the fault, mistake, omission, or improper conduct of a party to the action. The imposition of costs in such a case would be justified; but it is entirely illogical, when justice requires the setting aside of a verdict due to the mistake of the jury, for which the party is in no way responsible, that he should be penalized therefor.

For the reason first hereinbefore stated, the appeal should be dismissed, with $10 costs and disbursements to the respondent. All concur.