(72 Misc. Rep. 479.)

### BERNSTEIN v. SCHNEIDER.

(City Court of New York, Special Term.   June, 1911.)

NEW TRIAL (§ 30*)—NEWLY DISCOVERED EVIDENCE—RELATIONSHIP OF PARTIES.
   Where material witnesses for plaintiff falsely testify that they are not related to her, the discovery by defendant thereafter that one of the witnesses was plaintiff's brother-in-law and another her cousin is' sufficient ground for a new trial.
   [Ed. Note.—For other cases, see New Trial, Dec. Dig. § 30.*]

Action by Celia Bernstein against Samuel Schneider.  Judgment for plaintiff.  Motion for new trial for newly discovered evidence granted.

Rosenberg & Hahn, for the motion.
Manheim & Manheim, opposed.

SCHMUCK, J.  Had the jury known that Sam Rosen and Abraham Glowinsky were, respectively, brother-in-law and cousin to the plaintiff, would their verdict have been against the plaintiff?  Unless this question can be resolved in the affirmative, the defendant is not entitled to a new trial.  In consequence, unless the alleged false swearing was to a material point at issue, no justification for a vacation of the verdict can be found.  Brennan v. Joline (Sup.) 125 N. Y. Supp. 525.  Considering the application as based as much on the ground of newly discovered evidence as for the reason of the false swearing of the said two witnesses, we are confronted with law as laid down in People v. Priori, 164 N. Y. 459, 58 N. E. 668.  Therein the doctrine is asserted that the evidence must fulfill the following requirements: First, it must be such as will probably change the result if a new trial is granted; second, its discovery must be subsequent to the trial; third, it must be such as could not have been discovered before the trial by the exercise of due diligence; fourth, it must be material to the issue; fifth, it must not be cumulative; and, sixth, it must not be merely impeaching or contradictory in character.

Considering the matter awaiting determination in the light of the authority just cited, it would appear as if a different result would have been reached, had the jury known the truth of the matters falsely sworn to by the witnesses Rosen and Glowinsky, at least so far as the amount is concerned.  Unquestionably the discovery of the false swearing was subsequent to the trial, and could not have been discovered before the trial by the exercise of due diligence; for the defendant could not have known what witnesses the plaintiff intended

to call until the witnesses were sworn. If experience is of any value, it teaches that juries are, both as regards the verdict and the amount thereof, affected by the fact of blood or legal relationship of the witnesses to the litigant in whose favor they testify. This newly discovered evidence is surely not cumulative of any testimony introduced by the defendant, and, while it may be said to be impeaching and contradictory, it is not merely so. Therefore all the requirements of law are satisfied by this application.

Again, for a reason affecting the administration of law, the motion should be granted. If judgments predicated upon false swearing remain undisturbed, if the whim, caprice, or desire of a witness can marshal the forces of law and order to the aid of a litigant, regardless of the sanctity of an oath, then not only will the power and respect of the court be impaired, but the very strength of the government be destroyed. Under such circumstances, to quote from Wieser v. Times Realty & Const. Co., 131 N. Y. Supp. 337, "Life, liberty, and property would be afforded no adequate protection." Recognizing that the attorney for the plaintiff is entirely blameless in this matter, but believing that the plaintiff was a party to this false swearing—for the record discloses no attempt on her part to acquaint the court or her counsel with the truth—to grant her request for costs in the event of favorable consideration of this application would be hideous.

The effect of Walmsley v. Phillips, 119 N. Y. Supp. 227, apparently is to require the imposition of costs for the granting of the favor of a new trial. However, viewing the question in the light of Rothenberg v. Brooklyn Heights R. R. Co., 135 App. Div. 151, 119 N. Y. Supp. 1001, and applying the reasoning of that case to this motion, warrant is found for making an exception of this matter to the general rule laid down in Walmsley v. Phillips, supra. Where, therefore, the application of a general rule of law applied to a particular issue is patently unfair and obviously unjust, the moral phase must be given pre-eminence, and an exception created. In other words, to permit this plaintiff to recover anything of value by reason of her perfidy is abhorrent.

The conclusion is therefore inevitable that the motion must be granted, without costs.

Ordered accordingly.