POST v. KERWIN.

(Supreme Court, Appellate Division, Second Department. April 4, 1912.)

1. NEW TRIAL (§ 72*)—VERDICTS CONTRARY TO EVIDENCE.

While, in setting aside verdicts because against the weight of the evidence, the trial judge must exercise a sound discretion, a party aggrieved by verdict against the evidence has an absolute right to have it set aside.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 146–148; Dec. Dig. § 72.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. COSTS (§ 266*)—IMPOSITION OF COSTS—SETTING ASIDE OF VERDICT.
    Where a new trial is granted on the ground that the verdict was contrary to the evidence, costs should not be imposed upon the party securing the verdict or the other party, unless there has been an omission on his part which helped to cause the result.
    [Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 1009–1016; Dec. Dig. § 266.*]

On motion for reargument of appeal.  Motion denied.

For former decision, see 129 N. Y. Supp. 1142. ·

Argued before JENKS, P. J., and THOMAS, CARR, WOODWARD, and RICH, JJ.

Philip Carpenter (Frank Parker Ufford, on the brief), for the motion.

Alexander & Green, opposed.

JENKS, P. J.  We think that, when·a judge who presides at a trial by jury sets aside the verdict and grants a new trial on the ground that the verdict is against the weight of the evidence, he is not absolutely required to impose the payment of costs to the party who secured the verdict.  There are many decisions, and among them are those in this department, to the contrary.  Of these at least the later · appear to accept this rule as one of long-settled practice or as "too firmly established to be departed from" without question.  It would seem, indeed, that the rule rests upon antiquity rather than on reason; and perhaps it has been recognized and followed the more readily, in that it presents a question of practice.

[1]  The justification for the rule, as I find it expressed, is that the litigant receives "a favor," thereby meaning, I take it, that the act is one of grace, not of justice.  But to pronounce such act one of favor is to beg the question.  The duty of the jury is to deliver its verdict according to the evidence; but, if the verdict be against the evidence, then there is not a verdict as a finality in the eye of the law.  Cullen, J., speaking for the court in Luhrs v. Brooklyn Heights R. R. Co., 11 App. Div. 174, 42 N. Y. Supp. 606, says:

"A verdict against evidence is a verdict without evidence to support it. Where such a verdict is rendered, the case presents a question of law, and the party aggrieved has an absolute right to have it set aside."

Relief as an absolute right is not a favor.  The trial judge who makes such an order does so in the exercise of a·sound discretion; but this does not mean that, if he is convinced of the absolute right of the litigant to the relief, he may in his sound discretion withhold that relief.  If the absolute right is afforded because of the error of the jury, why should a blameless litigant be compelled to pay for it? It is sometimes said that, if the party seek another trial after an adverse verdict, he should pay for it, inasmuch as he has failed to convince the triers of fact.  But, if their verdict is against the evidence, such failure is not due to his fault, but to their error.  And by such action the trial judge does not invade the province of the jury, for he but interferes to afford the submission of the facts to another jury, not in denial, but in recognition, of the principle that the jury

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

are the ultimate judges of the facts. For that principle does not intend that, when a jury has rendered a verdict "perversely against the weight of the evidence," to quote the language in the Luhrs Case in 13 App. Div. 126, 42 N. Y. Supp. 1101, it is beyond disturbance by the trial judge.

[2] If the trial judge err in the law, and set aside the verdict and grant a new trial, there is no impost on the litigant, and it seems to me illogical that there shoud be such an impost for error in the triers of fact, for in either event there is error in the trial. The principle is pithily expressed in Johnson v. Scribner, 6 Conn. 185:

"A new trial ought to be granted, without payment of costs; for the court is not called on to grant a boon to the party, but correct the misdetermination of a jury."

Our conclusion accords with the later views of this court in its other departments. People v. Glasgow, 30 App. Div. 94, 52 N. Y. Supp. 24; Lashaway v. Young, 76 App. Div. 177, 78 N. Y. Supp. 366; Waltz v. Utica & Mohawk Valley Railway Co., 116 App. Div. 563, 101 N. Y. Supp. 968; Rothenberg v. Brooklyn Heights R. R. Co., 135 App. Div. 151, 119 N. Y. Supp. 1001; F. V. Smith Con. Co. v. City of New York (No. 2) 138 App. Div. 907, 123 N. Y. Supp. 1117. The general rule will be that, when a new trial is granted by the trial judge on the ground that the verdict is contrary to the evidence, costs should not be imposed upon the litigant to whom this relief is afforded. This rule, however, need not obtain, if the trial judge determine that, incident to the erroneous verdict, there has been fault or omission on the part of the said litigant.

There appears no reason why the costs should have been imposed in this case. The motion, therefore, is denied, without costs. All concur.