(156 App. Div. 55.)

## CAPOZZI v BULKLEY.

(Supreme Court, Appellate Division, Second Department.   March 28, 1913.)

Costs (§ 266*)—Successful Party—Granting New Trial.

 Where, after verdict for plaintiff was set aside on defendant's motion, without opposition by plaintiff, a verdict for plaintiff was again rendered on the second trial, plaintiff was entitled to costs on both trials, as well as the $25 provided by Code Civ. Proc. § 3251, subd. 3, providing that, where a new trial is had pursuant to an order granting the same, for all proceedings after the granting of, and before new trial, $25 shall be taxed.

 [Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 1009–1016; Dec. Dig. § 266.*]

Appeal from Special Term, Westchester County.

Action by Daniel Capozzi against Josiah W. Bulkley.  From an order retaxing costs, plaintiff appeals.  Reversed.

See, also, 141 N. Y. Supp. 118.

Argued before JENKS, P. J., and THOMAS, CARR, RICH, and STAPLETON, JJ.

Sydney A. Syme, of Mt. Vernon, for appellant.

Benjamin I. Taylor, of Port Chester, for respondent.

PER CURIAM.  This is an appeal from an order of the Special Term in Westchester county, made by Keogh, J., retaxing costs of the plaintiff as entered in a judgment in his favor.  It appears that this action was twice tried.  On the first trial the jury rendered a verdict in favor of the plaintiff, and the defendant thereupon moved to set aside the verdict and for a new trial on all the grounds specified in section 999 of the Code.  The plaintiff did not oppose the motion, but, on the contrary, consented that an order might be made granting a new trial, as he claimed that the award of damages to him was inadequate.  On the second trial, a verdict was rendered in favor of the plaintiff, and judgment was entered thereon.  The plaintiff succeeded in having taxed on the entry of said judgment the costs and disbursements of the first trial, in addition to costs and disbursements of the second trial, and likewise the sum of $25 as costs, under subdivision 3 of section 3251 of the Code, which provides costs as follows:

 "Where a new trial is had, pursuant to an order granting the same,
* * * for all proceedings after the granting of, and before the new trial,
* * * twenty-five dollars."

The order appealed from struck 'out the costs and disbursements of the first trial, and the item of $25 for proceedings after the order granting the new trial, and directed that proper deductions should be made on the execution issued to enforce the judgment.

The court at Special Term seems to have been misled by a misapprehension of the decision of this court in Post v. Kerwin, 150 App. Div. 321, 134 N. Y. Supp. 714.  That case had no application to the present question, as it related entirely to the practice of imposing costs

upon a party as a condition for the granting of a new trial, on the ground that the verdict was against the weight of evidence. No authority was cited on this appeal which sustains the decision of the court at Special Term in refusing to allow the plaintiff to tax the costs of the first trial as the successful party in the action. There certainly were two trials, and a taxation of proper costs for each should follow as a matter of course. We think the item of $25 was properly taxable. No authority is cited by the respondent which justifies its disallowance.

The order, in so far as appealed from, is reversed, with $10 costs and disbursements.